S11G1772. JORDAN v. MOSES.
(727 SE2d 460)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Moses v. Jordan*, 310 Ga. App. 637 (714 SE2d 262) (2011), to determine whether that Court applied the proper legal analysis to the claim of wrongful dissolution of a partnership. For the reasons that follow, we reverse and remand.

Attorneys Jordan and Moses formed a two-member partnership on January 1, 2003, for an indefinite term. In August 2006, Jordan communicated to Moses that he was contemplating ending the partnership, and later that month, stated that he was doing so. Moses did not agree with Jordan's plans, and the parties continued to communicate regarding the matter. On February 22, 2007, Jordan filed a complaint seeking a declaratory judgment that the partnership was legally dissolved on September 26, 2006 by virtue of a letter to Moses specifying that date, and requested that the trial court make certain declarations regarding financial obligations of the parties. Moses counterclaimed, asserting numerous claims, including wrongful dissolution of the partnership.[1] The trial court granted Jordan's motion for summary judgment as to that claim, and Moses appealed that order and other orders. Further facts can be found in the opinion of the Court of Appeals, which reversed the trial court. See *Moses*, supra.

---

[1] Only the claim of wrongful dissolution is embraced in this Court's grant of certiorari.

Jordan contends that the Court of Appeals inadequately addressed the issue of "new prosperity" in considering the acts that constitute the tort of wrongful dissolution of a partnership. However, as Moses correctly notes, in this Court's precedent, the term "new prosperity" has been deliberately avoided. Nonetheless, the Court of Appeals employed that term in *Moses*, supra.

In its analysis, the Court of Appeals correctly noted that a partnership is terminable " '[b]y the express will or withdrawal of any partner.' OCGA § 14-8-31 (a) (2)." *Moses*, supra at 639 (1). Despite that broad power, the tort of wrongful dissolution of a partnership is recognized in the statutes of this State. See OCGA § 14-8-38.[2] In

---

[2] OCGA § 14-8-38 reads:

(a) Unless otherwise agreed by the partners in the partnership agreement, at the time of the transaction, or at any other time, including, but not limited to, an agreement to continue the business of the partnership, when dissolution is caused in any way, other than wrongfully either in contravention of the partnership agreement or as a result of other wrongful conduct of a partner, any partner, or the legal representative of the estate of a deceased partner, as against his copartners and all persons claiming through them in respect of their interests in the partnership, may have the partnership property applied to discharge its liabilities and the surplus applied to pay in cash or its equivalent the net amount owing to the respective partners. The foregoing provision shall not apply if dissolution is caused by expulsion of a partner in accordance with the terms of a partnership agreement. Unless otherwise agreed by the partners, in the event of such expulsion the expelled partner shall receive the net amount due him from the partnership and the partners who continue the business shall obtain his discharge or appropriately hold him harmless from all present or future partnership liabilities.

(b) Unless otherwise agreed by the partners in the partnership agreement at the time of the transaction or at any other time, when dissolution is caused wrongfully either in contravention of the partnership agreement or as a result of other wrongful conduct of a partner, the rights of the partners shall be as follows:

(1) Each partner who has not caused dissolution wrongfully shall have:

(A) All the rights specified in subsection (a) of this Code section; and

(B) The right, as against each partner who has caused the dissolution wrongfully, to damages for such wrongful dissolution and to any other right or remedy provided for in the partnership agreement;

(2) The partners who have not caused the dissolution wrongfully may, if they all so agree at the time of the transaction or if the partnership agreement so provides, continue the business in the same name, either by themselves or jointly with others, and for that purpose may possess the partnership property. If the partners continue the business, they shall pay to any partner who has caused the dissolution wrongfully the value of his interest in the partnership at the dissolution less any damages or other amounts recoverable under subparagraph (B) of paragraph (1) of this subsection and obtain his discharge or appropriately hold him harmless from all present or future partnership liabilities;

(3) A partner who has caused the dissolution wrongfully shall

discussing that tort, in the seminal case of *Arford v. Blalock*, 199 Ga. App. 434 (405 SE2d 698) (1991), the Court of Appeals stated:

> Any partnership agreement includes, as a matter of law, an agreement for each partner to act in "the utmost good faith" toward the other partner. See OCGA § 23-2-58. [Cit.] The power of a partner to dissolve the partnership at will, like any other power held by a fiduciary, must be exercised in good faith. A partner may not freeze out a co-partner and appropriate the business to his own use. A partner may not dissolve a partnership to gain the benefits of the business for himself, unless he fully compensates his co-partner for his share of the prospective business opportunity. Even though a partner has a right to dissolve the partnership, if, however, it is proved that the partner acted in bad faith and violated his fiduciary duties by attempting to appropriate to his own use the new prosperity of the partnership without adequate compensation to his co-partner, the dissolution would be wrongful and the partner would be liable as provided by the section of the Uniform Partnership Act defining the rights of partners upon wrongful dissolution for violation of the implied agreement not to exclude the other partner wrongfully from the partnership business opportunity. [Cit.]

Id. at 437-438 (6) (Punctuation omitted.) And, this was the statement of law regarding wrongful dissolution of a partnership that the Court of Appeals repeated in *Moses*, supra at 640.

 This Court granted certiorari in *Arford*. On appearance in this Court, the case was re-styled, and appears in our reports as *Wilensky*

---

have:
 (A) If the business is not continued under the provisions of paragraph (2) of subsection (b) of this Code section, all the rights of a partner under subsection (a) of this Code section, subject to subparagraph (B) of paragraph (1) of this subsection;
 (B) If the business is continued under paragraph (2) of subsection (b) of this Code section the right, as against his copartners and all claiming through them in respect of their interests in the partnership, to have the value of his interest in the partnership, less any damages or other amounts recoverable under subparagraph (B) of paragraph (1) of this subsection, ascertained and paid to him and to have the partners who continue the business obtain his discharge or appropriately hold him harmless from all present or future partnership liabilities; but in ascertaining the value of the partner's interest the value of the good will of the business shall not be considered.

*v. Blalock*, 262 Ga. 95 (414 SE2d 1) (1992). In *Wilensky*, id. at 98 (3), this Court affirmed the decision of the Court of Appeals in *Arford*. Nonetheless, when this Court quoted language from *Arford*, it did not quote all of the above passage, and specifically omitted the word "new" from the phrase "new prosperity." Thus, we wrote:

> "Even though a partner has a right to dissolve the partner-ship, if . . . it is proved that the partner acted in bad faith and violated his fiduciary duties by attempting to appropriate to his own use the . . . prosperity of the partnership without adequate compensation to his co-partner, the dissolution would be wrongful and the partner would be liable as provided by the section of the Uniform Partnership Act defining the rights of partners upon wrongful dissolution for violation of the implied agreement not to exclude the other partner wrongfully from the partnership business opportu-nity." [Cit.]

*Wilensky*, supra. Accordingly, although this Court in *Wilensky* did not amplify the distinction between the terms "the prosperity of the partnership" and "the new prosperity of the partnership," when discussing wrongful dissolution, this Court saw a distinction, and rejected a formulation of the tort that required a showing of a bad faith attempt to appropriate solely the "new prosperity" of the busi-ness. And, our intentional omission of the term was warranted; not only is the definition of what constitutes "new prosperity" of an ongoing business enterprise pragmatically elusive, it does not prop-erly account for matters such as a wrongful attempt to appropriate an existing, or continuing, business opportunity, or wrongful acts coin-cident to the dissolution. Accordingly, this Court's opinion in *Wilensky* stands for the proposition that if a partner acts in bad faith and violates his fiduciary duty by attempting, through the dissolution, to appropriate for himself partnership prosperity, he will be liable for wrongful dissolution. Thus, in *Wilensky*, supra at 98-99, we recog-nized that the damages owed to Blalock could include his share of income from the continuing business of the partnership, as well as those material business assets wrongfully kept by Arford; recovery was not confined to something that could be labeled "new prosperity."

Of course, dissolution of a partnership, based upon whatever reason, is essentially an act about the future. A partnership exists up to the time of dissolution — indeed, even beyond, until termination,

see OCGA § 14-8-29[3] and OCGA § 14-8-30[4] — but the result of a dissolution is that the relationship will end in the future. And, it is to be expected that, often, a bad faith decision to dissolve the partnership will focus on an attempt to appropriate, for the sole benefit of one partner, partnership business as that business goes forward. See, e.g., *Arford*, supra at 438 ("the jury could find [that] Arford wrongfully dissolved the partnership to 'freeze out' Blalock from further business opportunities with Gulf States"); *Asgharneya v. Hadavi*, 298 Ga. App. 693, 698 (4) (680 SE2d 866) (2009) (The trial court's damage award for "continued profits from [the] joint business" misappropriated by one partner was warranted.). But, such claims are not necessarily all that may comprise a wrongful dissolution suit, and the expected forward focus of the tort of wrongful dissolution of a partnership does not mean that matters past and pending at the time of the dissolution are not relevant to a wrongful dissolution claim.

During the duration of the partnership, one partner has the duty to act with the utmost good faith toward another partner. See OCGA § 23-2-58;[5] *Wilensky*, supra at 98. And, as the Court of Appeals properly noted in *Moses*, a "crucial element of a wrongful dissolution claim [is that] the partner's decision to dissolve must be wrongful. Stated differently, the power to dissolve must be exercised in good faith." *Moses*, supra at 641 (Citation and punctuation omitted.). Nonetheless, the Court of Appeals incorrectly cited its own precedent which included the term "the new prosperity of the partnership." We take this opportunity to expressly disapprove any statement of the Court of Appeals that the tort of wrongful dissolution of a partnership requires the attempt to appropriate the "new prosperity" of the partnership. See *Moses*, supra; *Asgharneya*, supra at 697 (4); *Arford*, supra. The gravamen of a wrongful dissolution claim is a partner's attempt to appropriate, through the dissolution, the assets or business of the partnership, which may include prospective business, without adequate compensation to the remaining partners.

---

[3] OCGA § 14-8-29 reads: "Upon dissolution of a partnership the partners cease to be associated in the carrying on of the partnership. The partnership shall continue until termination pursuant to Code Section 14-8-30 and until termination the partners shall be associated in the winding up of the partnership."

[4] OCGA § 14-8-30 reads: "On dissolution the partnership is not terminated, but continues until the winding up of the partnership affairs is completed."

[5] OCGA § 23-2-58 reads:
Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

The Court of Appeals found that there was a conflict of evidence as to whether Jordan's appropriation of a $180,000 fee placed in the partnership's account was proper under the partnership's agreed upon procedures, or was a secret misappropriation of partnership funds; that Court further found that, if it was a secret misappropriation, that circumstance would be evidence of Jordan's state of mind at the time of his decision whether to dissolve the partnership, which, the Court of Appeals stated, some evidence showed was coincident with the appropriation of the fee. But, given that the Court of Appeals cited the disapproved language regarding "new prosperity," it is unclear whether the Court of Appeals considered the above evidence as indicative solely of Jordan's state of mind at the time he decided to dissolve the partnership, with a coincident intent to deprive Moses of some unidentified prospective business opportunity of the partnership, or whether the Court of Appeals considered the above evidence as showing that Jordan intended, through the dissolution, to retain a fee that was misappropriated from partnership funds. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to that Court for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur, except Thompson, J., not participating.*

NAHMIAS, Justice, concurring.

In accordance with our decision in *Wilensky v. Blalock*, 262 Ga. 95, 98 (414 SE2d 1) (1992), the majority opinion correctly holds that a claim for wrongful dissolution of a partnership may be based on damages arising from the excluded partner's loss of "an existing, or continuing, business opportunity" or of income and material assets that existed "coincident to the dissolution," not only damages due to the loss of the "new prosperity" of the partnership. Maj. Op. at 42. However, because dissolution is "essentially an act about the future," id., a wrongful dissolution claim must include evidence of damages to the excluded partner resulting from the ending of the partnership, rather than damages arising solely from events that occurred while the partnership existed and cause no ongoing harm. Put another way, the tort claim must be based on losses caused by the bad faith *termination* of the partnership and not just losses from past acts that may have violated the partnership agreement, which instead are properly resolved by a claim for an accounting, breach of contract, or similar causes of action. See, e.g., OCGA § 14-8-22.

As the Court of Appeals held, see *Moses v. Jordan*, 310 Ga. App. 637, 642 (714 SE2d 262) (2011), the evidence in this case, construed in Moses's favor against Jordan's motion for summary judgment, may show that Jordan misappropriated from their partnership account a

$180,000 fee around the time he decided to dissolve the partnership. That would be some evidence that he dissolved the partnership in bad faith, creating a material issue of fact on *that element* of the tort. However, that fee came from a completed case, and was fully paid, so the "misappropriation of partnership funds" (Maj. Op. at 44) by Jordan involved a past act under the existing partnership, for which Moses might recover damages on her breach of contract or similar claims but which would not appear to be damages attributable to the termination of the partnership that occurred several months later. On remand, unless Moses shows, in addition to Jordan's bad faith, that the dissolution of the partnership resulted in her loss of a specifically identified and provable existing or future business opportunity or then-existing income and material assets of the partnership, her wrongful dissolution claim will fail.

On this understanding of our decision today, I join the majority opinion in full.

I am authorized to state that Presiding Justice Carley joins in this concurrence.

DECIDED MAY 7, 2012.

*Blasingame, Burch, Garrard & Ashley, Gary B. Blasingame, Killian & Boyd, Robert P. Killian*, for appellant.

*Martenson, Hasbrouck & Simon, Peter V. Hasbrouck, Mark E. Robinson*, for appellee.