**FIRST DIVISION**
**DILLARD, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 7, 2013**

# In the Court of Appeals of Georgia

A11A0218. MOSES v. JORDAN.

BOGGS, Judge.

In Division 1 of *Moses v. Jordan*, 310 Ga. App. 637 (714 SE2d 262) (2011), we reversed the trial court's grant of summary judgment to Randall Jordan on Mary Helen Moses' claim for wrongful dissolution of their law partnership. Id. at 639-642 (1). In *Jordan v. Moses*, 291 Ga. 39 (727 SE2d 460) (2012), the Supreme Court reversed our decision in Division 1 on the ground that we included in our recitation of the applicable law the phrase "the new prosperity of the partnership" from our opinion in *Alford v. Blalock*, 199 Ga. App. 434 (405 SE2d 698) (1991), rather than the Supreme Court's subsequent formulation of the standard as "the prosperity of the

partnership" in *Wilensky v. Blalock*, 262 Ga. 95 (414 SE2d 1) (1992).[1] The Supreme Court held that "[t]he gravamen of a wrongful dissolution claim is a partner's attempt to appropriate, through the dissolution, the assets or business of the partnership, which may include prospective business, without adequate compensation to the remaining partners." *Jordan*, supra, 291 Ga. at 43. Accordingly, we vacate Division 1 of our opinion and adopt the Supreme Court's decision as our own as to that division.[2]

The Supreme Court also remanded the case to this court "for proceedings consistent" with its opinion because this court "cited the disapproved language regarding 'new prosperity.'" Id. at 44. According to the Supreme Court, it was unclear whether we considered a conflict in the evidence

> as indicative solely of Jordan's state of mind at the time he decided to dissolve the partnership, with a coincident intent to deprive Moses of some unidentified prospective business opportunity of the partnership, or whether the Court of Appeals considered the above evidence as

---

[1] The Supreme Court graciously acknowledged in *Jordan*, supra, that it failed to "amplify the distinction between the terms 'the prosperity of the partnership' and 'the new prosperity of the partnership' when discussing wrongful dissolution" in its opinion in *Wilsensky*, supra. *Jordan*, supra, 291 Ga. at 42.

[2] The Supreme Court did not address the remaining divisions of our opinion, and our rulings in those divisions are not inconsistent with the Supreme Court's decision.

> showing that Jordan intended, through the dissolution, to retain a fee that was misappropriated from partnership funds.

Id. Accordingly, we hereby clarify that the record before us demonstrates a genuine issue of material fact as to whether Jordan attempted "to appropriate, through the dissolution, the assets or business of the partnership . . . without adequate compensation to the remaining partner[]" – Moses. 291 Ga. at 43.

*Judgment reversed. Dillard, P. J., concurs. McFadden, J., concurs fully and specially.*

A11A0218. MOSES v. JORDAN.

McFADDEN, Judge, concurring fully and specially.

I concur fully in the majority opinion. I agree that the Supreme Court's disapproval of our use of the expression "new prosperity" does not alter the remainder of our analysis of the wrongful dissolution claim. And the remaining divisions of our earlier opinion, which were not addressed or considered by the Supreme Court, remain the law of the case. See *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

I write separately to emphasize that the parties and the trial court should not be misled by the Supreme Court's judgment line, which indicates reversal. That reversal does not reflect acceptance of Jordan's argument on certiorari. Jordan argued that this court had failed to sufficiently consider the issue of new or future prosperity. He argued that the firm's clients had been his clients before the partnership formed and

remained his clients after it dissolved. Consequently, according to Jordan, Moses had no claim on the firm's new or future prosperity and therefore no claim for wrongful dissolution. The Supreme Court granted Jordan's petition for certiorari in order to determine whether this court "applied the proper legal analysis in reversing the grant of summary judgment on the wrongful dissolution claim." *Jordan v. Moses*, 291 Ga. 39 (727 SE2d 460) (2012).

The Supreme Court did find fault with our analysis of that claim. But it was not persuaded by Jordan's argument. On the contrary, it found that this court's error was using language that provided the foundation for his argument. The Supreme Court adopted Moses's argument that we had erred in using the expression "new prosperity." "The gravamen of a wrongful dissolution claim," the Supreme Court held, "is a partner's attempt to appropriate, through the dissolution, the assets or business of partnership, which may include prospective business, without compensation to the remaining partners." 291 Ga. at 43.