S06G1482. PILCHER v. STRIBLING et al.

(647 SE2d 8)

HUNSTEIN, Presiding Justice.

When the events underlying this action occurred, appellant Terry Pilcher was the fire chief of the City of Loganville Fire Department and appellees Jason Stribling and Carl Morrow were fire department employees. Appellees sought protective orders against Pilcher for stalking, alleging verbal abuse directed toward them in the workplace, as well as physical assaults occurring primarily

during basketball games conducted as part of their required physical training. Ultimately, the trial court issued a permanent restraining order, enjoining Pilcher from coming within 500 yards of appellees and certain other protected parties, and allowing Pilcher to continue to perform his duties as fire chief only when accompanied by a person able to give independent and credible testimony as to his actions toward these employees. In *Pilcher v. Stribling*, 278 Ga. App. 889 (630 SE2d 94) (2006), the Court of Appeals reversed as to one protected party who testified that he never feared for his safety,[1] but affirmed as to appellees, holding that Georgia's anti-stalking statute applies "where a supervisor so exceeds the bounds of legitimate employment activity that he engages in a pattern of verbal and physical abuse of his subordinates causing them to fear for their safety." (Footnote omitted.) Id. at 893 (1). We granted certiorari to consider whether Pilcher's actions constitute stalking as defined in OCGA § 16-5-90 (a) (1).

> A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. . . . [T]he term "contact" shall mean any communication[.] . . . [T]he term "place or places" shall include any public or private property occupied by the victim other than the residence of the defendant. . . . [T]he term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

OCGA § 16-5-90 (a) (1). In order to obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence. OCGA §§ 16-5-94 (e), 19-13-3 (c). "The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court ([cit.])," and will not be reversed absent an abuse of that discretion. *Alexander Properties Group, Inc. v. Doe*, 280 Ga. 306, 307 (1) (626 SE2d 497) (2006).

---

[1] This employee did not file a petition for writ of certiorari and thus the propriety of this holding is not before the Court.

Here, Pilcher was clearly not following appellees or placing them under surveillance. In addition, appellees have failed to show that Pilcher's contacts meet the statutory definition of "harassing and intimidating" conduct "which serves no legitimate purpose." The physical assaults occurred during basketball games initiated for the legitimate purpose of physical training. The verbal taunts, which occurred at various times during working hours and included "cursing, threatening employees' jobs, and belittling employees' intelligence, personal life, weight, sexual inexperience or financial situation," *Pilcher*, supra, 278 Ga. App. at 889, were not sufficient to create a reasonable fear for the safety of appellees or their families.[2] Thus, Pilcher's conduct does not fall within the statutory definition of stalking and the Court of Appeals erred by affirming the trial court's issuance of a permanent restraining order based on that offense.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 18, 2007.

*Edwin Marger, Michael J. Puglise*, for appellant.
*Benton, Preston & Malcolm, Paul L. Rosenthal*, for appellees.

---

[2] This is true even when the comments are viewed in light of the alleged physical assaults, occurring as they did during legitimate physical training activities.