**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 8, 2012**

# In the Court of Appeals of Georgia

A12A0284. ELGIN v. SWANN.

McFADDEN, Judge.

Jennifer Elgin appeals from a six-month stalking protective order entered against her pursuant to OCGA § 16-5-94 (d). We find that, although the protective order has expired, the issues raised in this appeal are not moot, the trial court employed the proper standard in evaluating the evidence, and it did not abuse its discretion in issuing the protective order. See *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007) (grant or denial of motion for protective order is reviewed for abuse of discretion). Accordingly, we affirm.

Construed in favor of the judgment, see *Garnsey v. Buice*, 306 Ga. App. 565, 566 (1) (703 SE2d 28) (2010), the evidence showed that Jennifer Elgin and R. Q. Swann were neighbors. In July 2011, Elgin and her husband, Lamar Elgin, were in

the midst of a divorce, and Swann submitted an affidavit in the divorce proceeding in which he testified to certain of Elgin's activities that he had observed by watching her through a telescopic lens. A few days later, on July 17, Elgin drove by Swann's house honking her car horn and yelling, "Call Lamar." Swann, his wife, and his stepdaughter (a high school student) were in their front yard at the time. Elgin then pulled into her own driveway and got out of her car. Joined by her sister, Elgin laughed, screamed obscenities at the Swanns, and repeatedly threatened to "kick" or "whip y'all's ass."

Swann testified that Elgin had never before threatened him, but that her behavior on this occasion caused him to fear for his safety. On July 18, 2011, he petitioned for a stalking protective order and obtained ex parte temporary protective order pending a hearing on his petition.

Before the hearing occurred, on August 4, 2011, Swann's stepdaughter was driving home when she encountered Elgin driving in the opposite direction on the road in front of their houses. As Swann and his wife watched, Elgin swerved her car toward the stepdaughter's car, causing the girl to drive her car partially off of the road. Later that evening Elgin drove past the Swanns' house and, from her vehicle, took pictures of Swann and his family sitting on their front porch. Swann worried

2

about what else Elgin might do and felt that his family had been placed in danger and needed to be protected.

The hearing on the stalking protective order occurred on August 9, 2011. By this time, Elgin had moved out of her house and no longer lived in the neighborhood.

1. We first consider our jurisdiction over this appeal. The trial court issued the six-month stalking protective order on August 9, 2011, and it expired on February 9, 2012.

> Thus, the issues raised arguably are moot, and mootness is a mandatory ground for dismissal. However, if an issue is capable of repetition yet evades review, we do not view that issue as moot. This is true for those matters in which there is intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers.

(Citation omitted.) *Birchby v. Carboy*, 311 Ga. App. 538, 540 (2) (716 SE2d 592) (2011); see *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (508 SE2d 653) (1998).

The issues presented in this appeal are capable of repetition. At its core, this appeal concerns whether evidence of discrete threats between former neighbors can show a pattern of harassing or intimidating conduct and a potential for future stalking. This question could arise again in the context of another stalking protective order. The issues presented in this appeal also are likely to evade review. A stalking

protective order is limited by statute to a duration of 12 months, although it can later be renewed for a greater time period or made permanent. See OCGA § 16-5-94 (e) (incorporating OCGA § 19-13-4 (c)). This is the same duration allowed for a protective order issued under the Family Violence Act under OCGA § 19-13-4 (c). We have held in the context of appeals from family violence protective orders that the time constraints of appellate courts often render it infeasible to reach the merits of those appeals during the relatively short duration allowed for such orders. See *Birchby*, 311 Ga. App. at 540 (2) (involving twelve-month protective order); *Baca v. Baca*, 256 Ga. App. 514, 516 (1) (568 SE2d 746) (2002) (involving six-month protective order).

Accordingly, we find that the issues raised in this appeal are not moot. *Birchby*, 311 Ga. App. at 540-541 (2).

2. Elgin argues that the trial court did not hold Swann to the proper burden of proof. We disagree. The court's comments at the conclusion of the hearing reflect that the court correctly employed the "preponderance of the evidence" standard in issuing the protective order. See *Garnsey*, 306 Ga. App. 565-566 (1).

3. Elgin argues that there was insufficient evidence to support the issuance of the protective order. Again, we disagree. The evidence presented at the hearing

4

authorized the court to find that Swann had established the elements of stalking, which is defined as "follow[ing], plac[ing] under surveillance, or contact[ing] another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90 (a) (1); see *Garnsey*, 306 Ga. App. at 565-566 (1) (to obtain stalking protective order, petitioner must establish elements of that offense).

> "[H]arassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

OCGA § 16-5-90 (a) (1).

The evidence supported a determination that Elgin had placed under surveillance and contacted Swann, his wife, and his stepdaughter for the purpose of harassing and intimidating them by screaming physical threats at them, taking pictures of them from the road while they were on their front porch, and swerving her car at the stepdaughter in a manner that forced the girl's car partially off the road. See *Garnsey*, 306 Ga. App. at 566-567 (defendant's conduct included attempting to run

5

neighbor off the road and repeatedly driving by or stopping in front of neighbors' house and staring at them); *DeLouis v. Sheppard*, 227 Ga. App. 768, 770-771 (1) (627 SE2d 846) (2006) (defendant blasted music at neighbor's house, confronted neighbor in intimidating manner, stared at neighbor for periods of time while she was outside, and made lewd gestures and comments toward her or in her presence); *Johnson v. Smith*, 260 Ga. App. 722 (2) (580 SE2d 674) (2003) (defendant placed victim under surveillance, took pictures of her, and shouted at her while she was at school). Although Elgin had not previously acted threateningly toward the Swann family, these three discrete incidents occurring within a three-week period of time (two in one day) were enough to create the requisite pattern of harassing and intimidating behavior. See *Daker v. Williams*, 279 Ga. 782, 785 (621 SE2d 449) (2005) (defendant's two related instances of stalking behavior against victim occurring within the space of a week evinced a pattern of prohibited criminal behavior). The court was not required to accept Elgin's testimony denying these actions. See *DeLouis*, 227 Ga. App. at 769 (in reviewing the sufficiency of the evidence supporting a stalking protective order, an appellate court does not weigh the evidence or assess witness credibility).

The evidence presented at the hearing also supported a determination that Elgin's conduct put Swann in reasonable fear for the safety of his family. Swann repeatedly testified that Elgin's actions caused him to feel that his family was in danger and needed protection, and given the nature of those actions his fears were not unreasonable. See *Garnsey*, 306 Ga. App. at 567 (1); *Johnson*, 260 Ga. App. at 722 (2). Although Elgin points to the fact that she moved from the neighborhood shortly thereafter, it was for the trial court to assess the degree, if any, to which her departure mitigated the reasonableness of Swann's fears. See generally *Anderson v. Mergenhagen*, 283 Ga. App. 546, 548 (1) (642 SE2d 105) (2007) (the trial court is in the best position to make determinations on issues concerning the need for a protective order).

Under these circumstances, the trial court did not abuse its discretion in finding that the evidence supported the grant of a stalking protective order under OCGA § 16-5-94 (d).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*