# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2016

*The Court of Appeals hereby passes the following order:*

**A16D0180. STEVE BISHOP v. MICHAEL W. GOINS.**
**A16D0181. STEVE BISHOP v. BERNIE R. GOINS.**
**A16D0182. JODI BISHOP, et al. v. KEITH POWELL, et al.**

In these related applications, Steve and Jodi Bishop seek appellate review of several three-year protective orders entered against them. From the limited materials included with the applications, the Bishops appear to have a right of direct appeal.

A party must file an application for discretionary appeal to obtain review of a protective order that was entered in an action brought under the Family Violence Act, because such cases are domestic relations cases within the meaning of OCGA § 5-6-35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461 (1) (510 SE2d 810) (1999). However, a party may file a direct appeal from a protective order that was entered in an action brought under the general stalking statute. See, e.g., *Sinclair v. Daly*, 295 Ga. App. 613 (672 SE2d 672) (2009) (reversing on direct appeal a protective order entered under OCGA § 16-5-94); *Pilcher v. Stribling*, 282 Ga. 166 (647 SE2d 8) (2007) (same).

In these cases, the protective orders cite both the Family Violence Act and the general stalking statute. However, the application materials indicate that the opposing parties are neighbors, and there is no indication that they have a familial relationship within the meaning of the Family Violence Act.[1] Because these cases

---

[1] "[T]he term 'family violence' means . . . acts between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household[.]" OCGA § 19-13-1.

appear to involve the general stalking statute, rather than the Family Violence Act, the applicants appear to have a right of direct appeal.

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, these applications are hereby GRANTED, and the applicants shall have ten days from the date of this order to file their notices of appeal with the trial court. If they have already filed notices of appeal in the trial court, they need not file additional notices. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____01/05/2016_____
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*