# Court of Appeals
# of the State of Georgia

ATLANTA,   October 21, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0128.  KIM FLORENCE v. TASHANA LUKE.**

Kim Florence filed this discretionary application seeking to challenge an order in case number SU16DM-2487 denying her motion to void or dissolve a stalking protective order entered against her upon petition by Tashana Luke and an order in case number SU16DM-2695 dismissing her temporary protective order against Luke. However, it appears that Florence has a right of direct appeal from each order.

A party must file an application for discretionary appeal to obtain review of a protective order that was entered in an action brought under the Family Violence Act, because such cases are domestic relations cases within the meaning of OCGA § 5-6-35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999). However, a party may file a direct appeal from a protective order that was entered in an action brought under the general stalking statute.  See, e.g., *Sinclair v. Daly*, 295 Ga. App. 613 (672 SE2d 672) (2009) (reversing on direct appeal a stalking protective order entered under OCGA § 16-5-94); *Pilcher v. Stribling*, 282 Ga. 166 (647 SE2d 8) (2007) (same).  Here, there is no indication that the parties have a familial relationship within the meaning of the Family Violence Act,[1] and these cases appear to involve the general stalking statute, rather than the Family Violence Act. Therefore, Florence appears to have a right of direct appeal.

---

[1] "[T]he term 'family violence' means . . . acts between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household[.]" OCGA § 19-13-1.

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Florence shall have ten days from the date of this order to file her notices of appeal with the trial court. If she has already filed notices of appeal in the trial court, she need not file additional notices. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*___10/21/2016___
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen___ *, Clerk.*