**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

June 14, 2018

# In the Court of Appeals of Georgia

A18A0452. LITTLE v. BOOKER.

RICKMAN, Judge.

Gwenette Little appeals from a stalking twelve-month protective order and contends that appellee Linda Booker failed to meet the requirements of the relevant statute. For the reasons that follow, we affirm.

"The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." (Citation and punctuation omitted.) *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007).

The record shows that on April 27, 2017, Booker filed a verified petition against Little seeking a stalking temporary protective order under OCGA § 16-5-90

et seq.[1] In the petition, Booker alleged that on or about March 31, 2017, as she rode with her son to his job in Milledgeville, "[Little] had followed us all the way to Milledgeville, and kept showing up around there like she was trying to find us." Booker also alleged that

> [Little] called the police and made two false reports on my sons. She has harassed me constantly[,] ma[d]e me feel uncomfortable, and keep[s] reports on me. Watching me and monitoring everything I do. She makes false statement[s] about me to others. She makes me feel threatened on a daily basis.

The court entered a temporary order and scheduled a hearing for May 9, 2017. Following a joint hearing in both the Little and Bullard cases, the court found Little to have knowingly and willfully violated OCGA § 16-5-90 et seq. and, among other things, ordered Little not to come within 50 yards of Booker, her immediate family, or their residence, place of employment, or school for a period of twelve months. The court further ordered that Little not have any other type of contact with Booker or her immediate family for the same period. On appeal, Little contends that the preponderance of the evidence did not support the elements of such an order.

---

[1] It appears from the record that Booker filed a separate action against Annette Bullard, who apparently is a member of the Little household. Only Little's case is addressed in this appeal.

1. We first address this Court's jurisdiction to hear the appeal. Because the order on appeal expired on May 8, 2018, "the issues raised arguably are moot, and mootness is a mandatory ground for dismissal." (Citation and punctuation omitted.) *Baca v. Baca*, 256 Ga. App. 514, 515 (1) (568 SE2d 746) (2002); see also OCGA § 5-6-48 (b) (3). But appeals are not moot where they involve "matters in which there is intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers." (Citation and punctuation omitted.) *Collins v. Lombard Corp.*, 270 Ga. 120, 121-122 (1) (508 SE2d 653) (1998); see also *Inserection v. City of Marietta*, 278 Ga. 170, 171 (2) (598 SE2d 452) (2004) ("an appeal is not moot where the alleged error is capable of repetition yet evades judicial review"). "Accordingly, we must address whether the various issues are common to an existing class, yet tend to evade review." *Baca*, 256 Ga. App. at 516 (1).

In *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012), this Court held that although the six-month stalking protective order on appeal had expired, the issues raised on appeal — the correct burden of proof and the sufficiency of the evidence — were not moot for two reasons. First, the issues were capable of repetition because they concerned whether the evidence showed "a pattern of harassing or intimidating conduct and a potential for future stalking [that] could arise

3

again in the context of another stalking protective order." Id. at 810 (1). Second, the issues were likely to evade review because "[a] stalking protective order is limited by statute to a duration of 12 months, although it can later be renewed for a greater time period or be made permanent." Id. Further, the time constraints of the appellate courts often leave insufficient time to address the merits of such an appeal. Id. For the same reasons as in *Elgin*, we conclude the appeal in the present case is not moot. Compare *Baca*, 256 Ga. App. at 516 (1) (appellate issues regarding the admission of evidence in a hearing on a six-month protective order were "germane only to the temporary order" and therefore moot); *Birchby v. Carboy*, 311 Ga. App. 538, 540 (2) (716 SE2d 592) (2011) (in appeal of twelve-month protective order, "enumerations regarding the trial court's failure to reopen the evidence, its failure to consider the pending divorce action, and its denial of his motion for new trial" were moot given that order had expired).

2. Under the stalking statute,

[a] person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-90 (a) (1). The term "harassing and intimidating" is defined as

a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

Id. These elements of the offense must be established by a preponderance of the evidence. *Pilcher*, 282 Ga. at 167.

Construed in favor of the trial court's decision, the evidence presented at the hearing showed that Booker, a retired school teacher, lives with her two grown sons across the street from the Little home. When Booker has had company or contractors at her home, Little and Bullard[2] have come outside to take pictures of the Bookers and to make negative comments about the Booker family, including suggesting that the Bookers are involved in criminal activity; these comments were loud enough to be heard at the Booker home. Similarly, Little and Bullard have constantly watched the Booker family and documented their comings and goings, including, on one recent occasion, video-taping a repairman at the Little home.

---

[2] Booker essentially testified that both defendants engaged in most of the harassing acts.

5

Booker testified to specific incidents of harassment, as well. In November 2013, Little and Bullard accused Booker of insurance fraud and accused Booker's son of dealing drugs. Little and Bullard have also threatened to report the Bookers to the police, namely to a drug task force investigator for Putnam County, for unspecified behavior. On one occasion Booker observed Little driving her car in a manner such that it appeared to Booker that Little was intentionally following Booker and her son through town. Booker testified that the Little's behavior was frightening and made Booker feel physically threatened and bullied. Little's and Bullard's harassing behavior has been increasing since Booker retired, and it was threatening her reputation in the community. The Chief of Police testified on behalf of Booker that Little and Bullard[3] called him because the Bookers had a car parked in the yard that had an out-of-town license tag, which the chief noted, was not illegal. He also testified that Little and Bullard had filed "hundreds of reports. . . not only against the Bookers, other people, too."

Although Little and Bullard testified in their own defense and denied Booker's allegations, the trial court specifically found that their testimony was not credible.

---

[3] The chief testified that he received such calls from Little and Bullard.

And at the hearing, the court found that Little and Bullard had unnecessarily harassed Booker for years.

"In reviewing the sufficiency of the evidence supporting a stalking protective order, we do not weigh the evidence or assess witness credibility, and we construe the evidence in favor of the findings of the trier of fact." (Citation and punctuation omitted.) *Thornton v. Hemphill*, 300 Ga. App. 647, 647 (686 SE2d 263) (2009). Together with the allegations in the verified petition, the evidence presented at the hearing was sufficient to show that Little had surveilled or contacted Booker at her home and in public without her consent for the purpose of harassing and intimidating Booker and her family. See OCGA § 16-5-90 (a) (1); *Thornton*, 300 Ga. App. at 649 (1). The evidence was also sufficient to show that Little's conduct was knowing and willful and that it placed Booker in reasonable fear for her safety or the safety of her immediate family; it also showed a pattern of harassing and intimidating behavior, serving no legitimate purpose. See OCGA § 16-5-90 (a) (1); *Thornton*, 300 Ga. App. at 649 (1) ("The frequency and nature of [the defendant's] contact and surveillance was such that the trial court could conclude that it was done for the purpose of harassing and intimidating [the plaintiff]."); compare *Wright v. State*, 292 Ga. App. 673, 676 (665 SE2d 374) (2008) (insufficient evidence that defendant's actions

placed plaintiff in reasonable fear for her safety by a pattern of harassing and intimidating behavior given that she admitted she only felt fear for a "moment" and did not ask nearby adults for help). We therefore find no abuse of discretion by the trial court in concluding that a preponderance of the evidence supported a finding of stalking against Little under OCGA § 16-5-90. See *Anderson v. Mergenhagen*, 283 Ga. App. 546, 548 (1) (642 SE2d 105) (2007) (we will not overrule the grant of a protective order if there is any reasonable evidence to support it).

*Judgment affirmed. McFadden, P. J., and Ray, J., concur.*