# Court of Appeals
# of the State of Georgia

ATLANTA,  November 25, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0107. RASHIDA STROBER v. THOMAS HARRIS.

On October 27, 2020, Rashida Strober filed this pro se application for discretionary appeal, seeking to appeal the trial court's August 27, 2020 order dismissing a temporary protective order. We, however, lack jurisdiction.

Because this action does not appear to have been brought under the Family Violence Act,[1] Strober appears to have a right of direct appeal because a party may file a direct appeal from a protective order that was entered in an action brought under the general stalking statute. See, e.g., *Sinclair v. Daly*, 295 Ga. App. 613 (672 SE2d 672) (2009) (reversing on direct appeal a stalking protective order entered under OCGA § 16-5-94); *Pilcher v. Stribling*, 282 Ga. 166 (647 SE2d 8) (2007) (same).

This Court ordinarily will grant an application for discretionary review of a directly appealable order under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment sought to be appealed. See OCGA § 5-6-35 (d), (j). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Strober's application is untimely, as it was filed 61 days after

---

[1] A party must file an application for discretionary appeal to obtain review of a protective order that was entered in an action brought under the Family Violence Act, because such cases are domestic relations cases within the meaning of OCGA § 5-6-35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999).

entry of the order she seeks to appeal. Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, <u> 11/25/2020 </u>*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

<u>            </u> *, Clerk.*