# Court of Appeals of the State of Georgia

ATLANTA,  December 30, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0171. EMMANUELLA DUROGENE v. JUM RAOOF, JR.

In March 2022, Emmanuella Durogene filed a petition for stalking temporary protective order against Jum Raoof, Jr., the father of her children. The trial court entered an ex parte protective order and scheduled a hearing on the matter. After the hearing, on April 13, 2022, the court dismissed the protective order against Raoof, concluding that Durogene failed to establish the allegations in her petition by a preponderance of the evidence. The same day, the court also entered a protective order against Durogene, ordering that Raoof will have temporary custody of the minor children and that they will be permitted to contact Durogene as they wish. Durogene then filed this direct appeal, seeking appellate review of "the final judgment entered on April 13, 2022." We lack jurisdiction.

A party may file a direct appeal from a protective order that was entered in an action brought under OCGA § 16-5-94, the general stalking statute. See, e.g., *Sinclair v. Daly*, 295 Ga. App. 613 (672 SE2d 672) (2009) (reversing on direct appeal a stalking protective order entered under OCGA § 16-5-94); *Pilcher v. Stribling*, 282 Ga. 166 (647 SE2d 8) (2007) (same). However, a party must file an application for discretionary appeal to obtain review of a protective order that was entered in an action brought under the Family Violence Act, because such cases are domestic relations cases within the meaning of OCGA § 5-6-35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999). The Family Violence Act defines "family violence" as "acts between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same

household[.]" OCGA § 19-13-1. This case falls within the Family Violence Act because Durogene and Raoof are the parents of the same children. Consequently, Durogene was required to file an application for discretionary appeal. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Durogene's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/30/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*