**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 1, 2023**

# In the Court of Appeals of Georgia

A23A0150. GOLIAS v. BOYCE.

RICKMAN, Chief Judge.

April Dawn Golias appeals from a stalking twelve-month protective order and contends that she did not knowingly and willfully violate the relevant stalking statute. For the reasons that follow, we reverse.

The record shows that in May 2022, Elise Boyce, the mother of two minor children, sought a stalking twelve-month protective order precluding Golias, the children's paternal grandmother, from contacting Boyce or her children. The events leading up to the filing of Boyce's petition began in 2021, when the children's father was charged with aggravated child molestation, incest, and child molestation involving the older child and was subsequently incarcerated. At the time, the father had physical custody of the older child, and a safety plan was created to place both

children in Boyce's custody. When the safety plan was implemented, Boyce asked Golias to bring the older child to her, and Golias responded that she wanted to run away with the child. Boyce asserted that Golias' response caused her concern about Golias having contact with the children and, at some point after that, Boyce insisted that any visitation between Golias and her children be supervised and that certain rules be followed, such as no discussion of the criminal case against the father.

Boyce again became concerned in September 2021, when Golias served as a character witness for the father at his bond hearing and sought to obtain his release. After the hearing, Golias contacted Boyce and asked to have a FaceTime call with the younger child. Boyce responded, "No. Even better your visitation is cancelled. Please don't contact me, my husband, or my kids."

According to Boyce, Golias ignored her instructions and continued to make efforts to contact her and her children, but there is no evidence that any contact was actually made until December 2021, when Golias emailed Boyce from the father's email address and requested visitation with the younger child. In that email, Golias stated that if a visitation agreement could not be reached, she would petition the court. Shortly thereafter, Boyce was granted sole legal and physical custody of the minor children and thereby given the sole right and responsibility to make decisions

regarding their health, education, religious upbringing, extracurricular activities, and welfare.[1]

Golias and her husband subsequently petitioned the court to allow them visitation with both children, but their petition was denied in an order issued in March 2022. In that order, the court found that Golias had made multiple statements indicating that she wanted to run away with the older child and that she supported the father. The court noted that the older child's counselor recommended against Golias exercising visitation with the minor children because Golias had questioned the veracity of the allegations of child molestation and incest against her son, causing the older child "great emotional distress and harm."

In May 2022, Golias went to field day at the school the younger child attended and, while there, spoke to the child and gave her snacks, money, and a purse. When Boyce found out about the visit, she contacted the Pike County Sheriff's Office and reported the incident. Boyce then filed a petition seeking a stalking temporary protective order, and following an evidentiary hearing, the trial court issued a stalking twelve-month protective order. The order prohibited Golias from, inter alia,

---

[1] The father was denied any contact with either child.

contacting Boyce or her children or coming within 300 yards of Boyce or her immediate family.

On appeal, Golias contends that the trial court erred by issuing the protective order because the evidence did not support a finding that she knowingly and willfully violated the stalking statute, OCGA § 16-5-90. We review the grant of a motion for protective order for abuse of discretion. *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007).

Pursuant to OCGA § 16-5-90 (a) (1), "[a] person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." The term"harassing and intimidating" is defined as

> a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

Id. "[T]o obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence." *Pilcher*, 282 Ga. at 167.

4

Here, the evidence did not establish the requisite pattern of harassing and intimidating behavior by Golias. Although the email contact with Boyce in December 2021 and the May 2022 in-person contact with Boyce's daughter were both made after Boyce directed Golias not to contact her or her family, they did not constitute a pattern of harassing and intimidating behavior against Boyce. See *Ramsey v. Middleton*, 310 Ga. App. 300, 302 (713 SE2d 428) (2011) (evidence admitted at the hearing was insufficient to establish the necessary "pattern" of harassing and intimidating behavior); *Autry v. State*, 306 Ga. App. 125, 128 (701 SE2d 596) (2010) (behavior underlying stalking count fell short of demonstrating the requisite pattern). Compare *Little v. Booker*, 346 Ga. App. 305, 308 (2) (816 SE2d 148) (2018) (numerous instances of surveilling or contacting victim at her home and in public without her consent sufficient to establish pattern of harassing and intimidating behavior); *Austin v. State*, 335 Ga. App. 521, 524-525 (1) (782 SE2d 308) (2016) (unceasing attempts to watch, communicate with, or harass victim established requisite pattern of behavior, despite fact that behavior was not overtly threatening).

We recognize that Boyce has the sole right to make decisions regarding her children. See generally *Borgers v. Borgers*, 347 Ga. App. 640, 645 (820 SE2d 474) (2018) (Dillard, C.J., concurring) (recognizing that parents have a fundamental right

5

to direct the upbringing and care of their children). We further recognize that Golias has no established right to visitation with the children, and that Boyce may therefore take all appropriate steps to prevent her children from having contact with Golias. But the issue for our consideration is whether the existing record demonstrates that Golias committed stalking as defined by OCGA § 16-5-90 (a) (1). Because the evidence presented does not establish a pattern of harassing and intimidating behavior, as required by the statute, the trial court abused its discretion in granting the stalking protective order. Accordingly, we must reverse.

*Judgment reversed. Dillard, P. J., and Pipkin, J., concur.*