**FIRST DIVISION**
**BARNES, P. J.,**
**MARKLE and HODGES, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 18, 2026**

# In the Court of Appeals of Georgia

A26A0627. HAIGLER-KING v. MISERENDINO.

HODGES, Judge.

Giuseppe Miserendino petitioned the Superior Court of Towns County for a protective order under OCGA § 16-5-94 to enjoin Miranda Haigler-King, his neighbor, from stalking him. Following an evidentiary hearing, the trial court issued a 12-month protective order, which it subsequently amended. Haigler-King appeals from that order, arguing that the court abused its discretion in issuing the order because (1) there was insufficient evidence of stalking, and (2) the order included an overly broad restriction infringing on her ability to reside in her own home. For the reasons explained below, we affirm in part, reverse in part, and remand the case with direction.

It is well settled that

> [t]he grant or denial of a motion for protective order generally lies within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it. In other words, it is not this Court's function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments.

*Hayward v. Wisner*, 369 Ga. App. 100 (892 SE2d 398) (2023) (citations and punctuation omitted).

Viewed in this light, the record shows that Haigler-King and Miserendino live five or six houses apart in a Towns County subdivision. On June 24, 2025, Miserendino petitioned for a stalking temporary protective order, alleging that Haigler-King, while in a vehicle, "sped up and veer[ed] toward" him while he was on a golf cart. He claimed Haigler-King "continu[ed]" to exhibit "harassing and intimidating behavior" towards him. The petition did not describe any other acts of harassing or intimidating behavior. The trial court entered a stalking ex parte temporary protective order and scheduled an evidentiary hearing for July 10, 2025. Specifically, the order enjoined Haigler-King from (a) harassing and/or intimidating

2

Miserendino or his immediate family, (b) approaching within 500 yards of Miserendino, and (c) having any contact with Miserendino or his immediate family.

At the evidentiary hearing, Miserendino testified as to various stalking incidents by Haigler-King. First, Miserendino described an encounter on June 19, 2025, where he was driving his golf cart and Haigler-King, who was driving a car from the opposite direction, saw him, crossed the yellow line on the road, "veered over towards [him,] and ran [him] off the road ... very close to the point that [he] feared for [his] life or damage or [that he] was going to get hurt." Miserendino had a video of the incident taken by a neighbor, and that video was played for the court.

On another occasion, Haigler-King, in violation of the ex parte protective order, came within 500 yards of Miserendino while he was trying to rescue a puppy running down the road in front of his house. Miserendino testified that Haigler-King came within feet of him, "sitting ... in her vehicle, laughing and carrying on and videoing [Miserendino and another neighbor.]" According to both Miserendino and the neighbor who testified, Miserendino was in fear for his life on that occasion; the witness also "was concerned" for her life. Both also testified that Haigler-King could have taken an alternate road to exit the neighborhood and did not need to pass in front

of Miserendino's house. According to Miserendino, Haigler-King "could have stayed a couple hundred feet away from us, but she persisted, as she always does, pushing us to put me in harm's way[.]" He filed a police report concerning this incident. A videotape of the incident was played for the court. According to Miserendino, he "just want[s] to be left alone. [He] want[s] [his] property to be protected. [He] want[s] [his] life to be protected. [He] fear[s] for [his] life."

After hearing the evidence, the trial court found Haigler-King in contempt of violating the ex parte stalking protective order. The court based this decision on the "testimony of the plaintiff and independent witness and video" evidence from both the plaintiff and defendant. The trial court further expanded the ex parte order to a 12-month protective order, which would expire on July 9, 2026.

Haigler-King filed a motion for new trial, which the trial court denied. Specifically, the court found, "upon viewing of evidence presented and consideration of testimony from the parties[,]" that Haigler-King committed a knowing and willful violation of the stalking statute, OCGA § 16-5-90. The court further found, "[b]ased upon the facts and arguments presented to the [c]ourt," that although Haigler-King "would be inconvenienced by the restrictions of the order[, including the 500-yard

restriction,] it would not prevent entry and egress to her property." That said, the court did find that its previous order unlawfully restricted Haigler-King from accessing firearms, and it issued an amended protective order. Haigler-King appeals from this order.

1. Haigler-King first asserts that the trial court abused its discretion in granting a 12-month stalking protective order without sufficient evidence of predicate acts of stalking as required by OCGA § 16-5-94(a). We disagree.

Under OCGA § 16-5-94 (a), a person "may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90." That Code section provides, in relevant part, that "[a] person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90(a)(1). For purposes of the statute, the term "contact" includes any communication, including communication in person, and the term "harassing and intimidating" means "a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety

... by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose." Id. "In order to obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence." *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007).

Haigler-King asserts, without any supporting authority, that the evidence did not support the trial court's finding that she committed an act of stalking against Miserendino because, according to her, the interactions were not "anything more than happenstance encounters by neighbors lawfully traveling on the subdivision roadways." She further asserts, again without any supporting authority, that even if the first incident amounted to harassing and intimidating behavior, one incident alone does not establish a pattern of stalking, and she "did not do any act which caused [Miserendino] to be in reasonable fear for his safety." Both her arguments, however, disregard the trial court's discretion to gauge the credibility of the parties. *Hayward*, 369 Ga. App. at 100.

Here, based on the testimony presented at the evidentiary hearing, there was reasonable evidence to support a finding, under a preponderance of the evidence standard, that Haigler-King knowingly and purposefully stalked Miserendino by first

running him off the road and subsequently failing to comply with the trial court's ex parte protective order, contacting him on at least one other occasion in a harassing manner that put him in fear for his personal safety. Based on these confrontational acts, the trial court did not abuse its discretion by finding that Miserendino had established the elements of stalking and entering the protective order against Haigler-King. See, e.g., *Hayward*, 369 Ga. App. at 101-02 (holding that a trial court did not abuse its discretion in finding a pattern of harassing and intimidating conduct justifying a protective order against a neighbor where neighbor had screamed at petitioner and other individuals on multiple occasions and petitioner testified she did not feel safe to go outside). Although Haigler-King attempted to present a different version of events as to both incidents, the outcome of this appeal does not change, as "we do not weigh the evidence or assess witness credibility, and we construe the evidence in favor of the findings of the trier of fact." *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009) (citation and punctuation omitted); accord *Hayward*, 369 Ga. App. at 100. Accordingly, the trial court's denial of Haigler-King's motion for new trial on this ground is affirmed.

2. Haigler-King next argues that the trial court abused its discretion by prohibiting her "from approaching within 500 yards of [Miserendino] and/or [Miserendino's] immediate family, and/or residence[.]" According to Haigler-King, this restriction "effectively ousts [her] from her home[.]" We agree.

While a superior court is vested with broad discretion to "fashion appropriate relief from conduct designated as stalking[,]" that relief may not include "a prohibition against residing in one's own home." *Bruno v. Light*, 344 Ga. App. 799, 802(1)(c) (811 SE2d 500) (2018) (citations and punctuation omitted). In *Bruno*, the trial court enjoined the respondent from "approaching within one mile of [the petitioner] and/or [the petitioner's] immediate family, and/or residence, place of employment, or school or subsequent residence, place of employment or school." Id. at 800 (punctuation and emphasis omitted). The court then added the following language to the otherwise pre-typed form-order: "This restriction includes his own property." (Emphasis omitted.) Id. at 800, 800 n.1. The respondent argued, as Haigler-King does here, that the restriction banning him from his own residence was overbroad. Id. at 802-04(1)(c). This Court agreed, specifically reasoning that although the protective order "may have incidentally kept [the respondent] from face-to-face

contact with [the petitioner] while she was at home, significantly, [the respondent] would violate the order even if he went to his residence when [the petitioner] was not at hers." Id. at 803(1)(c) (citation and punctuation omitted). We concluded that the superior court exceeded its authority in banning the respondent from his own residence. Id.

Given the circumstances in this case, we likewise conclude that the trial court's 500-yard restriction effectively ousts Haigler-King from her home, which Miserendino admits is within 500 yards of his home. Compare *Sullivan v. Kubanyi*, 361 Ga. App. 255, 258-59(4) (863 SE2d 727) (2021) (concluding that a respondent living in the same condo building as a petitioner could not demonstrate that the protective order language banned him from his residence because the record did not include a transcript of the evidentiary hearing and it appeared the respondent had moved). Accordingly, this case is remanded to allow the superior court the opportunity to fashion appropriate relief from Haigler-King's stalking conduct. See *Bruno*, 344 Ga. App. at 504(1)(c).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Barnes, P. J., and Markle, J., concur.*