**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 7, 2014**

# In the Court of Appeals of Georgia

A13A2074. PEEBLES v. CLAXTON.

MILLER, Judge.

This case arises from Dissie Claxton's motion seeking to hold Jinny Peebles in contempt for violating an ex parte temporary protective order ("TPO"), which the superior court issued on February 12, 2013 pursuant to OCGA §§ 16-5-94 and 19-13-4 (d). The superior court held a hearing on Claxton's motion for contempt after the TPO lapsed and subsequently entered an order requiring both parties to comply with their agreement to settle all pending issues in this case. Peebles appeals from that order.

1. Peebles contends that the superior court erred in holding a hearing to extend the TPO after it stood dismissed as a matter of law.

This case presents serious concerns regarding an ongoing dispute between next-door neighbors.[1] As a result, we regret that we must reverse the superior court's ruling. We find that, pursuant to OCGA § 16-5-94 and 19-13-3 (c), the TPO stood dismissed by law more than 10 days before Claxton even filed his March 25, 2013 motion for contempt.

OCGA § 16-5-94 pertinently provides:

(a) A person who is not a minor who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90[.] . . .

(c) Upon the filing of a verified petition in which the petitioner alleges with specific facts that probable cause exists to establish that stalking by the respondent has occurred in the past and may occur in the future, the court may order such temporary relief ex parte as it deems necessary to protect the petitioner or a minor of the household from stalking. . . .

(e) The provisions of subsections (c) and (d) of Code Section 19-13-3, subsections (b), (c), and (d) of Code Section 19-13-4, and Code Section

---

[1] The record shows that in December 2012 a dispute arose between the parties after Claxton shot and killed Peebles's dog. In his petition for a TPO, Claxton alleged that Peebles placed numerous signs in her yard referring to him by name and that she threatened to harm him. Claxton also alleged that Peebles threatened his livelihood, and created a Facebook petition demanding his punishment for the incident involving the dog.

2

19-13-5, relating to family violence petitions, shall apply to petitions filed pursuant to this Code section[.]

Pursuant to OCGA § 19-13-3 (c),

[w]ithin ten days of the filing of the petition under this article or as soon as practical thereafter, but *in no case later than 30 days after the filing of the petition*, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. In the event a hearing cannot be scheduled within the county where the case is pending within the 30 day period the same shall be scheduled and heard within any other county of that circuit. *If a hearing is not held within 30 days, the petition shall stand dismissed unless the parties otherwise agree.*

(Emphasis supplied.)

For purposes of this appeal, we reviewed the limited record in this case, which includes the TPO, the trial court's order continuing the statutorily required TPO hearing, and Claxton's motion for contempt. The record clearly shows that the TPO was issued on February 12, 2013, and that the superior court failed to hold the statutorily required hearing on the TPO within 30 days. Notably, the superior court entered an order of March 29, 2013, specifically stating that this matter was continued

3

twice on March 13 and March 27. The superior court's order also continued the TPO in full effect and set a new final hearing date of April 17, 2013.

Although the parties present conflicting arguments on appeal regarding whether Peebles agreed to an extension of the hearing date prior to the expiration of the 30-day period, nothing in the record shows that Peebles agreed to extend the March 13th hearing date because the judicial proceedings in this case, including the final hearing, which was not held until April 17, 2013, were not transcribed.[2]

In the absence of a transcript, this Court cannot determine whether enumerations of error, which require consideration of the evidence, have any merit. *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005) The absence of a transcript in this case, however, does not prevent this Court from considering whether the superior court lacked statutory authority to enforce the TPO. Since nothing in the record supports Claxton's argument that Peebles agreed to an extension of the TPO, we are constrained to hold that the TPO stood dismissed as a matter of law on March 14, 2013. See OCGA § 19-13-3 (c). After that date, the superior court lacked the power to enforce the TPO. See OCGA § 19-13-4 (d); *Norman v. Doby*, 321 Ga. App. 126,

---

[2] Peebles apparently requested an extension of the March 27th hearing date due to an illness in her family.

130 (2) n.1 (741 SE2d 293) (2013) (once a protective order is no longer valid, the superior court retains no power to enforce that order). Since the TPO was no longer in effect at the time Claxton filed his motion for contempt alleging that the TPO was violated, the superior court lacked authority to issue its April 26, 2013 order requiring the parties to comply with their agreement to settle all pending issues in this case.

2. In light of our holding in Division 1, we need not address Peebles's remaining enumerations of error.

*Judgment reversed. Barnes, P. J., concurs. Ray, J., concurs specially and in judgment only.*

# In the Court of Appeals of Georgia

A13A2074. PEEBLES v. CLAXTON.

RAY, Judge.

While I concur in judgment only with the Majority's decision in the case, I write separately simply to emphasize that the Majority's opinion herein does not constitute binding precedent of the Court, but merely serves as physical precedent only.