**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A2158. WHITE v. RAINES.

BOGGS, Judge.

William John White appeals from the trial court's order continuing an ex parte temporary protective order ("TPO") entered against him. Because the trial court lacked authority to extend the TPO, we reverse.

The record shows that on April 17, 2014, White's ex-wife, Susan Raines, filed a "Petition for Stalking Temporary Protective Order" against White pursuant to OCGA § 16-5-94. Alleging that White had, among other things, flooded her with unwanted telephone calls and text messages, accessed her bank account, and followed her, Raines claimed that White's actions placed her in reasonable fear for her and her family's safety. The petition requested a hearing and entry of a twelve-month protective order.

On the same day, the trial court entered an ex parte TPO enjoining White from harassing, contacting, or approaching within 500 yards of Raines or her immediate family. The order also directed White to appear before the court on May 9, 2014, to "show why the demands of [Raines] should not be granted." Shortly after the trial court issued the ex parte order, Raines reported to police that White had violated the TPO, and White was arrested for aggravated stalking.

Both parties appeared at the May 9, 2014 hearing. The trial court began by asking Raines, who was proceeding pro se, about White's arrest. Counsel for White interjected that the parties were there "on the ex parte TPO," not the arrest warrant. Asserting that the warrant was "part of the evidence," the court questioned Raines about the circumstances leading to the arrest. The court then asked her generally about the allegations underlying her petition. Raines described the conduct by White that she found objectionable, including his constant effort to communicate with her. White's counsel responded that White and Raines had enjoyed consensual communication since their divorce, with both parties contacting each other and spending time together.

At that point, the trial court halted the proceedings. Rather than addressing Raines's petition, the court continued the hearing, stating:

2

Here's my solution: I'm going to continue this hearing today. [White] clearly ignored the order that was issued as filed on April 17, to the extent that the police found probable cause to arrest him for aggravated [stalking]. But I'm going to continue this hearing today, leaving the order in place, and then we'll come back in 60 days and depending on what his conduct and behavior is in the next 60 days, I'll make a determination to either extend the order or dismiss the petition.

In a written order, the trial court rescheduled the hearing to July 11, 2014, and extended the TPO through that date. At White's request, the trial court issued a certificate of immediate review. We subsequently granted White's interlocutory appeal application, and this appeal followed.[1]

1. White argues that the trial court erred in continuing the ex parte TPO without addressing the merits of Raines's allegations. We agree.

_____

[1] Although the ex parte TPO was only extended through July 11, 2014, and thus ended months ago, this appeal is not moot. As we have explained, when an appellate issue "is capable of repetition yet evades review, we do not view that issue as moot." (Citations and punctuation omitted.) *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012). The issue in this appeal – the trial court's authority to extend an ex parte TPO – may arise in other stalking cases. And given the short duration of stalking protective orders, as well as the time constraints of appellate courts, it is likely to evade review. See id. (although stalking protective order expired before appeal was resolved, the appellate issues were not moot because they were capable of repetition and evaded review).

3

A person who claims to have been stalked may petition the trial court for a restraining order against the alleged stalker. See OCGA § 16-5-94 (a); see also OCGA § 16-5-90 (a) (defining the offense of stalking). Based on the allegations in the petition, the court "may order such temporary relief ex parte as it deems necessary to protect the petitioner." OCGA § 16-5-94 (c). Mere allegations alone, however, cannot sustain continuing relief. After entry of an ex parte TPO, the trial court must conduct an evidentiary hearing in accordance with the procedures governing family violence restraining orders, which provide:

> Within ten days of the filing of the petition . . . or as soon as practical thereafter, but in no case later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. In the event a hearing cannot be scheduled within the county where the case is pending within the 30 day period the same shall be scheduled and heard within any other county of that circuit. If a hearing is not held within 30 days, the petition shall stand dismissed unless the parties otherwise agree.

OCGA § 19-13-3 (c). See also OCGA § 16-5-94 (e) ("The provisions of subsections (c) and (d) of Code Section 19-13-3 . . . relating to family violence petitions, shall apply to petitions filed pursuant to this Code section.").

The statutory scheme is clear. A trial court *must* assess the merits of a petitioner's stalking allegations within 30 days after the petition is filed. See OCGA § 19-13-3 (c); *Perlman v. Perlman*, 318 Ga. App. 731, 734 (2) (734 SE2d 560) (2012) ("[W]ithin 30 days after the filing of the petition, a hearing must be held at which the petitioner 'must prove the allegations of the petition by a preponderance of the evidence.'") (Punctuation omitted.). This 30-day deadline cannot be ignored. In fact, it is so important that if a timely hearing cannot be scheduled in the county where the petition was filed, a hearing "shall be scheduled" in another county within the circuit. OCGA § 19-13-3 (c). Absent a timely hearing, the petition stands dismissed. Id.

The parties in this case appeared for a hearing within 30 days after Raines filed her petition. That hearing, however, did not comply with OCGA § 19-13-3 (c) in any substantive way. The trial court questioned Raines briefly, but she was not sworn in as a witness, and White did not have an opportunity to cross-examine her. No other witnesses testified. Moreoever, although both parties presented documentary evidence to the trial court, they did so only after the court had decided to continue the proceeding, and there is no indication that the court considered the evidence. Simply put, the trial court did not address the merits of Raines's petition or require her to prove her allegations by a preponderance of the evidence within 30 days after the

5

petition was filed, as mandated by the statute.[2] It instead maintained the "status quo," extending the ex parte TPO so that it could assess how White behaved over the ensuing 60 days.

Given these circumstances, the trial court failed to meet the 30-day hearing requirement in OCGA § 19-13-3 (c). The petition and ex parte TPO, therefore, were dismissed by operation of law. See OCGA § 19-13-3 (c); *Peebles v. Claxton*, 326 Ga. App. 53, 55 (1) (755 SE2d 861) (2014) (stalking petition and ex parte TPO dismissed by operation of law where trial court continued TPO hearing and left TPO "in full effect" past 30-day deadline) (physical precedent only). It follows that the trial court lacked authority to extend the TPO through July 11, 2014.

2. Given our holding in Division 1, we need not address White's remaining claims of error.

*Judgment reversed. Branch, J., concurs and Barnes, P. J., concurs in the judgment only*.

---

[2] In fact, the trial court apparently believed the burden rested on White to show why Raines' petition should not be granted. Raines, however, clearly bore the burden of proof. See OCGA § 16-5-94 (a); OCGA § 19-13-3 (c); *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007) ("In order to obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence.").