**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 7, 2019**

# In the Court of Appeals of Georgia

A18A1560. HERBERT v. JORDAN.

A18A1561. HERBERT v. GOODEN.

BROWN, Judge.

In these consolidated appeals, Damyera Herbert appeals from the trial court's grant of twelve-month protective orders to Melissa Jordan and Charles Gooden (collectively "petitioners"). She asserts that the trial court erred for identical reasons in both cases by: (1) moving forward with a hearing after the case had been dismissed as a matter of law; (2) refusing to permit her to move forward with her counterclaim in the same hearing; (3) granting protective orders that prohibit contact with the petitioners' unidentified children; and (4) granting protective orders that prohibit contact with the petitioners' immediate family members. Based upon the trial court's

failure to hold a hearing within 30 days as required by OCGA § 19-13-3 (c), we must reverse its grant of twelve-month protective orders to the petitioners.

The record shows that on November 21, 2017, Jordan and Gooden filed separate petitions for entry of a "Stalking Temporary Protective Order" under OCGA § 16-5-94. The trial court granted the ex parte petitions on the same day, and ordered Herbert to appear for a hearing on December 20, 2017 (29 days later). On the date of the scheduled hearing, the trial court entered an order continuing the hearing on both petitions to December 26, 2017; the order also provided that the provisions of the "Ex Parte Protective Orders" would continue in full effect through December 26, 2017. The record contains no evidence that the parties agreed to this continuance. On the day of the rescheduled hearing, Herbert filed motions asking the trial court to conclude that the petitions had been dismissed as a matter of law pursuant to OCGA § 19-13-3 (c). The trial court nonetheless held the scheduled hearing and issued the twelve-month protective orders at issue in this case.

1. Stalking protective orders issued under OCGA § 16-5-94 and § 19-13-3 must comply with the requirement that a hearing be held within 30 days of the filing of a petition for a protective order. In this hearing, "the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases."

2

OCGA § 19-13-3 (c). See also OCGA § 16-5-94 (e); *White v. Raines*, 331 Ga. App. 853, 855-856 (1) (771 SE2d 507) (2015) (physical precedent only). "If a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree." OCGA § 19-13-3 (c). In this case, the trial court's failure to meet the 30-day hearing requirement resulted in a dismissal of the petitions as a matter of law. *White*, supra, 331 Ga. App. at 856 (1); *Peebles v. Claxton*, 326 Ga. App. 53, 55 (1) (755 SE2d 861) (2014) (physical precedent only). Accordingly, it lacked authority to issue the twelve-month protective orders following a hearing held 35 days after the petitions were filed. *White*, supra, 331 Ga. App. at 856 (1). Cf. *In the Interest of I. L. M.*, 304 Ga. 114 (816 SE2d 620) (2018) (reversing trial court's order placing child in custody of the Department of Family and Children Services based upon the trial court's failure to comply with a statutory mandate to hold a hearing within 60 days and statute providing that petition alleging dependency may be dismissed if hearing not timely).

2. Based upon our holding in Division 1, we need not address Herbert's remaining claims of error.

*Judgments reversed. Miller, P. J., and Goss, J., concur.*