**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2019**

# In the Court of Appeals of Georgia

A19A0320. SMITH v. SMITH.

BARNES, Presiding Judge.

Jonathan Smith contests a protective order procured against him by his former wife, Jennifer Smith. Because no timely hearing was held on the underlying petition, we must reverse.

On August 23, 2017, Jennifer Smith filed in the Superior Court of Cobb County a verified petition seeking, among other things, a 12-month family violence protective order pursuant to OCGA § 19-13-1 et seq. against her then husband Jonathan Smith (hereinafter, "Smith").[1] That same day, the superior court issued an Ex Parte Temporary Protective Order enjoining and restraining Smith from certain conduct; the order also scheduled a hearing on

---

[1] See generally *Wildes v. Clark*, 347 Ga. App. 348, 348, n. 4 (819 SE2d 511) (2018) ("The process for obtaining a family violence protective order is set forth in the Family Violence Act, OCGA § 19-13-1 et seq.").

the petition for September 12, 2017. The hearing, however, was later canceled due to inclement weather. The superior court rescheduled the hearing for September 27. On that date, the hearing was conducted. And the following day, September 28, 2017, the court entered an order granting Smith's wife's petition for a protective order.

Smith filed a motion for reconsideration, setting out in his supporting brief,

On September 27, 2017, [Smith's] counsel appeared for the hearing as scheduled. At the onset of the hearing, [Smith's] counsel brought a Pre-Trial Motion to Dismiss on the grounds that the hearing was statutorily untimely and that once the Court failed to meet the statutory thirty (30) day hearing requirement, [the underlying] Petition should have been dismissed as a matter of law.

(Emphasis omitted.) The statutory provision on which Smith relied was OCGA § 19-13-3 (c), which states in full:

Within ten days of the filing of the petition under this article or as soon as practical thereafter, but *not later than 30 days after the filing of the petition*, a hearing *shall* be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. In the event a hearing cannot be scheduled within the county where the case is pending within the 30 day period the same shall be scheduled and heard within any other county of that circuit. *If a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree.*

2

(Emphasis supplied.) It is undisputed that no hearing was held within 30 days of the filing of the petition. And in denying Smith's motion for reconsideration, the court did not ground its ruling on any determination that Smith had agreed to hold the hearing outside the 30-day window.[2]

Rather, in a detailed order concluding that Smith was not entitled to any relief from the protective order, the superior court revealed its rationale by reciting the following:[3]

---

[2] Smith maintains in his brief to this Court that "there was no agreement between the parties to extend the deadline for a hearing." Smith's former wife, Appellee Jennifer Smith, has filed no appellate brief. See Rule 25 (b) (1) ("Part One [of appellee's brief] shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, plus citations to additional parts of the record or transcript deemed material. Failure to do so shall constitute consent to a decision based on the appellant's statement of facts. Except as controverted, appellant's statement of facts may be accepted by this Court as true."). See, e.g., *Wildes*, 347 Ga. App. at 348, n. 3 ("[Appellee] failed to file a responsive brief in this appeal, and we therefore accept [Appellant's] representation of the facts as being prima facie true."). Accord *Peebles v. Claxton*, 326 Ga. App. 53, 55 (1) (755 SE2d 861) (2014) (resolving that "nothing in the record shows that [the appellant] agreed to extend the . . . hearing date because the judicial proceedings in this case, including the final hearing, . . . were not transcribed") (physical precedent only).

[3] The transcript of that hearing was not included as part of the appellate record; but because the trial court expressly ruled on Smith's argument in its order on motion for reconsideration, we conclude that the issue is properly before us. See *Fox v. Norfolk S. Corp*., 342 Ga. App. 38, 52 (4), n. 14 (802 SE2d 319) (2017) (explaining that because "the trial court allowed [the appellant] to pursue the argument as part of his motion for reconsideration, and the trial court ruled on that argument," the issue was "raised and ruled on in the court below, [such that] we may consider this claim

Due to inclement weather, the Chief Judge of the Superior Court of Cobb County issued an Order/Declaration of Judicial Emergency pursuant to OCGA § 38-3-60, closing the Courts of Cobb County on September 11 and 12, Ordering "pursuant to OCGA § 38-3-62,[4] all court deadlines, time schedules or filing requirements are hereby suspended, tolled or extended during the duration of the judicial emergency[.]" . . . As soon as practicable following the re-opening of the Superior Court, this Court by Order issued September 15, 2017, *nunc pro tunc* to September 12, 2017 continued the hearing in the above-styled matter to September 27, 2017, the next possible hearing time, with the Ex Parte Temporary Protective Order to remain in full effect. Said hearing date was the very next practical available scheduling option given constraints on courtroom/judicial availability, time requirements of the hearing and in light of previously set court calendars already increased to accommodate matters continued due to the closure, with no other Court in the Circuit in which to hear the matter. Notice was provided to parties by telephone; no objection was received.

---

of error").

    [4] OCGA § 38-3-62 ("An authorized judicial official in an order declaring a judicial emergency . . . is authorized to suspend, toll, extend, or otherwise grant relief from deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters. . . .")

We granted this discretionary appeal to ascertain the legitimacy of the protective order.[5] Smith includes amongst his arguments that, because OCGA § 19-13-3 (c) expressly provides as its sole exception to the 30-day time frame to hold a hearing that "the parties otherwise agree," the order issued by the superior court's chief judge could not have provided an *additional* exception for noncompliance.[6] We need not rule upon the interplay between the cited statutory provisions in this case. Even accepting arguendo that the chief judge's order

---

[5] See OCGA § 5-6-35 (a) (2) (requiring the grant of a discretionary application to obtain appellate review of "judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders"). Although the 12-month protective order has expired, the issues presented are not moot. See generally *Pate v. Sadlock*, 345 Ga. App. 591, 594 (1) (a) (814 SE2d 760) (2018) (addressing claims of error on rulings that "could be repeated by the trial court yet evade review because of the timing of the appeal process"); *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012) (explaining that, although protective order had expired before appeal was resolved, the appellate issuers were not moot because they were "capable of repetition," yet "likely to evade review") (citations and punctuation omitted); *White v. Raines*, 331 Ga. App. 853, 854, n. 1 (771 SE2d 507) (2015) (determining that the appeal was not moot even though the contested protective order had expired, because the appeal presented an issue that could arise in other cases, yet evade review due to the short duration of such protective orders and the time constraints of appellate courts) (physical precedent only).

[6] See generally *Davis v. Wallace*, 310 Ga. App. 340, 345 (2) (713 SE2d 446) (2011) ("A well-established canon of statutory construction, inclusio unius, exclusio alterius, provides that the inclusion of one implies the exclusion of the others.") (punctuation omitted).

5

was competent to effect a suspension, tolling, or extension of the time constraint in OCGA § 19-13-3 (c),[7] the particular language employed to do so here – "all court deadlines [are] . . . suspended, tolled or extended *during the duration of the judicial emergency*"[8] – pushed the expiration of the 30-day period from September 22 only to September 25 (as opposed to September 27, when the hearing was held).[9]

We further note that in denying Smith's motion for reconsideration, the trial court went on to recite that the aftermath of the two-day shutdown of court operations yielded September 27 as "the very next practical available scheduling option." But any such "substantial compliance" with OCGA § 19-13-3 (c) fell short of satisfying the statutory requisite, given the plainly stated consequence incorporated therein: "If a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed . . . ." See OCGA § 1-3-1 (c)

---

[7] See generally OCGA §§ 38-3-60 (1) (defining "authorized judicial official" as including "[a] chief judge of a Georgia superior court judicial circuit"); 38-3-62 (providing for "[a]n authorized judicial official" to "suspend, toll, extend, or otherwise grant relief from deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes").

[8] (Emphasis supplied.)

[9] The chief judge's order explicitly identified September 11 and 12 as the dates covered by said order; accordingly, we have excluded from the 30-day time computation the two designated dates. See OCGA § 1-3-1 (d) (3) (explaining computation of time periods).

6

(providing that "substantial compliance with any statutory requirement . . . shall be deemed and held sufficient, . . . unless expressly so provided by law"); *Cook v. NC Two, L.P.*, 289 Ga. 462, 464-465 (712 SE2d 831) (2011) ("[W]here a statute is plain and susceptible of but one natural and reasonable construction, . . . the legislature's clear intent will not be thwarted by invocation of the rule of substantial compliance.") (citations and punctuation omitted); *Cobb County v. Robertson*, 314 Ga. App. 455, 457 (724 SE2d 478) (2012) (whole court) (ascertaining whether the legislature intended to deprive the trial court of jurisdiction to consider a motion in the absence of a timely hearing, by examining the relevant statutory provision for "negative words restraining the superior court from holding the hearing after" the expiration of the designated time).[10]

This Court has consistently reversed judgments, as well as vacated ex parte temporary protective orders, where the trial court was required to, but did not, conduct a hearing within the time limitation contemplated by OCGA § 19-13-3 (c). See, e.g., *Herbert v. Jordan*, 348

---

[10] Accord *In the Interest of I. L. M.*, 304 Ga. 114, 121 (816 SE2d 620) (2018) (explaining that the juvenile court was required to grant parents' motion to dismiss dependency petition because statutory time limit for adjudication hearing was not met, where a continuance order's insufficiencies rendered it incompetent to extend that time limit, and where – although a court must evaluate what matters are competing for its attention – nothing in the order, nor in the record as a whole, indicated why other matters on the court's docket outweighed dependency considerations).

Ga. App. 538, 539 (1) (823 SE2d 852) (2019) (reversing judgments because "the trial court's failure to meet the 30-day hearing requirement resulted in a dismissal of the petitions as a matter of law"; noting that "the record contain[ed] no evidence that the parties agreed to [a] continuance," and that "[o]n the day of the rescheduled hearing, [the appellant] filed motions asking the trial court to conclude that the petitions had been dismissed as a matter of law pursuant to OCGA § 19-9-3 (c)"); *White*, 331 Ga. App. at 855-856 (1) (reversing judgment, where "the trial court failed to meet the 30-day hearing requirement in OCGA § 19-13-3 (c)"; concluding further that "[t]he petition and ex parte TPO, therefore, were dismissed by operation of law"); *Peebles*, 326 Ga. App. at 55 (1) (reversing judgment, where the 30-day requirement of OCGA § 19-13-3 (c) to hold a hearing was not met and where nothing in the record showed that the appellant had agreed to extend the hearing date; explaining further that the ex parte "TPO stood dismissed as a matter of law"). And in light of all the foregoing, we do so in the instant case.

*Judgment reversed. Mercier and Brown, JJ., concur*.