**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**September 27, 2021**

# In the Court of Appeals of Georgia

A21A1180. SULLIVAN v. KUBANYI.

BROWN, Judge.

Michael Sullivan, Jr. appeals from a protective order issued in the Fulton County Superior Court on January 15, 2021. He contends (1) that the trial court's order was void and that the victim's petition for a protective order should have been dismissed because a hearing was not held within 30 days as required by OCGA § 19-13-3 (c); (2) that no evidence was presented showing that he engaged in a knowing and wilful course of conduct, that the victim was placed in reasonable fear for her safety, or that he engaged in a pattern of harassing or intimidating behavior; (3) that the trial court abused its discretion by ordering him "to immediately turn over any drones or other electronic monitoring devices to the Sher[ ]iff's Office"; and (4) that

the trial court's protective order improperly banned him from his residence. For the reasons explained below, we affirm in part and vacate in part.

"The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion." (Citation and punctuation omitted.) *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007). The record in this case shows that the victim filed a verified petition for a stalking temporary protective order on June 16, 2020, alleging that in November 2019, Sullivan committed both in-person and cyberstalking by tracking her vehicle with GPS, showing up at her current location, tracking her by drone at home and at work, and by hacking into her electronic devices to monitor her. She also alleged that he "scann[ed her] electronic devices as she entered her home using a device scanner and began monitoring her in her home, including bathrooms and bedrooms. [Sullivan] lives above [the victim] in her condo building." (Punctuation omitted.)

The trial court issued an ex parte temporary protective order the same day that enjoined Sullivan from approaching within 200 yards of the victim and precluding all contact of any type with her or her immediate family. On June 18, 2020, Sullivan was served with a copy of the trial court's temporary protective order.

The trial court first scheduled a hearing "via ZOOM videoconference" on the victim's petition for December 2, 2020, but it was continued two times, before ultimately being heard on January 15, 2021. Despite being served with notice of the hearing, Sullivan did not appear. According to his amended notice of appeal, "the parties did not request a Court Reporter for any . . . hearings" and "no takedown of the matter exists."

In a written order filed several hours after the hearing was scheduled to begin, the trial court stated that it heard evidence and concluded that Sullivan "knowingly and wilfully violated OCGA § 16-5-90 et seq. and placed [the victim] in reasonable fear for [her] safety." It enjoined Sullivan from "harassing, interfering, or intimidating the [victim] or [the victim]'s employees at her law firm" or any other acts in violation of OCGA § 16-5-90 et seq. At one point in the order, the trial court stated that Sullivan "hacked [the victim]'s computers . . . and cell phone and has attacked her law firm. . . . [He] also followed [the victim] by drone, sat a drone outside of her residence every night for months, and continued such monitoring even after she moved."

In addition to enjoining Sullivan from approaching within 200 yards of the victim, her immediate family, or her place of residence, employment, or school, in

paragraph four of the twelve-month protective order, the trial court ordered Sullivan to

> immediately turn over any drones or other electronic monitoring devices to the Sher[ ]iff's office. If such devices are not returned to the Fulton County Sher[ ]iff's Department within 10 days of this Order, [Sullivan] shall be immediately arrested and confined in the Fulton County Jail until such devices are provided to the Fulton County Sher[ ]iff's Department.

On the same day it entered the protective order, the trial court issued an order for the arrest of Sullivan if he failed to make three, timely monthly payments for a total of $4,500, an amount representing the victim's attorney fees and expenses of litigation awarded to her by the trial court.

1. Sullivan contends that the trial court's order is void because a hearing on the victim's petition was not held within 30 days as required by OCGA § 19-13-3 (c). OCGA § 16-5-94 (a) provides: "A person . . . who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90." Stalking protective orders issued under OCGA § 16-5-94 must comply with the requirement in OCGA § 19-13-3 (c) "that a hearing

4

be held within 30 days of the filing of a petition for a protective order." *Herbert v. Jordan*, 348 Ga. App. 538, 539 (1) (823 SE2d 852) (2019).

In this case, it is undisputed that a hearing was not held within the 30-day time period specified by OCGA § 19-9-3 (c). While this ordinarily would require a reversal of the trial court's protective order, *Herbert*, 348 Ga. App. at 539 (1), the petition was filed and the trial court's order was issued during a statewide judicial emergency declared by the Chief Justice of the Supreme Court of Georgia pursuant to OCGA § 38-3-61 et seq. Pursuant to an emergency order initially issued on March 14, 2020, and extended through February 7, 2021, deadlines imposed on courts were suspended and tolled. See Tenth Order Extending Declaration of Statewide Judicial Emergency (January 8, 2021) ("[r]ecognizing the substantial backlog of pending case, deadlines imposed on courts shall remain suspended and tolled"); Amended Order Declaring Statewide Judicial Emergency (March 14, 2020) ("Pursuant to OCGA § 38-3-62, . . . the undersigned hereby suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters. . . ."). Accordingly, we find no merit in Sullivan's claim that the trial court's order is void.

5

2. Sullivan asserts that no evidence was presented showing that he engaged in a knowing and wilful course of conduct, that the victim was placed in reasonable fear for her safety, or that he engaged in a pattern of harassing or intimidating behavior. See OCGA § 16-5-90 (a). "[I]n the absence of a transcript or an acceptable substitute, we must assume that the evidence presented at the hearing was sufficient to support the trial court's decision to award a . . . protective order." *McCarthy v. Ashment*, 338 Ga. App. 858, 862 (2) (790 SE2d 651) (2016). See also *Babinsack v. Alfonso-Garcia*, 337 Ga. App. 113, 115 (3) (786 SE2d 501) (2016) (physical precedent on other grounds). We therefore find no merit in this enumeration of error.

3. Sullivan contends that the trial court erred by ordering him to forfeit any drone or other type of electronic monitoring equipment. Setting aside Sullivan's evidentiary arguments, which cannot be considered based upon the lack of a transcript, we agree with his contention that the trial court lacked authority to order him to forfeit personal property. OCGA § 16-5-94 (d) authorizes a trial court to issue a protective order requiring a party (1) to refrain from stalking conduct, as well as from harassing or interfering with the other party, (2) to receive psychiatric or psychological services, and (3) to pay attorney fees. It does not authorize a trial court to direct a party to surrender personal property to law enforcement, and the trial court

6

in this case abused its discretion by imposing such a requirement. See *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264, 266 (2) (641 SE2d 255) (2007) ("Because the court was not specifically authorized [by OCGA § 16-5-94 (d)] to prohibit [appellant] from owning or possessing a firearm, that portion of the protective order is . . . vacated."). Cf. *Moses v. Jordan*, 310 Ga. App. 637, 648 (5) (714 SE2d 262) (2011) ("nothing in the Civil Practice Act provides authority for a trial court to confiscate the personal property of a party through a protective order under the guise of determining the scope of permissible discovery"), reversed on other grounds, *Jordan v. Moses*, 291 Ga. 39 (727 SE2d 460) (2012). Accordingly, we vacate Paragraph Four of the trial court's protective order.

4. In his remaining claim of error, Sullivan argues that the trial court's order effectively banned him from his residence. In support of this argument, Sullivan points to no facts and summarizes this court's holding in *Bruno v. Light*, 344 Ga. App. 799 (811 SE2d 500) (2018).

Based upon our review of the record, it appears that at the time the victim filed her petition in June 2020, Sullivan lived "above [p]etitioner in her condo building." But in its order granting the protective order, the trial court referenced continued monitoring of the victim by Sullivan "even after she moved." Accordingly, in the

7

absence of the transcript, Sullivan cannot show that the trial court's order precluding him from being within 200 yards of the victim's residence effectively banned him from his own residence as it appears that the victim may have moved her residence.

*Judgment affirmed in part, and vacated in part. Doyle, P. J., and Reese, J., concur.*