**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 9, 2023**

# In the Court of Appeals of Georgia

A23A0186. JAMES v. FARLEY.

DOYLE, Presiding Judge.

Mia James appeals from an order of the Superior Court of Clarke County, granting a 12-month protective order to Kevin Farley. Because the trial court failed to hold a hearing within 30 days, as required by OCGA § 19-13-3 (c), Farley's petition was dismissed by operation of law. Accordingly, we reverse the 12-month protective order.

The record shows that, on April 29, 2022, Farley filed a "Petition for Stalking Temporary Protective Order" under OCGA § 16-5-94. The trial court granted the ex parte petition on the same day, and ordered James to appear for a hearing on May 20, 2022 (21 days later). On the day of the scheduled hearing, the court entered an order continuing the ex parte order and the hearing until June 16, 2022 (48 days after the

petition was filed). Although the May 20 hearing was not transcribed, there is no dispute that James did not appear at the hearing or consent to a continuance.[1]

The form order used by the trial court offered three check boxes that the trial court could have used to state the reason for a continuance. The first option was: "The Respondent has not been served because he/she is avoiding service of the Petition in order to delay the hearing. Pursuant to OCGA § 19-13-3 (e), the ex parte order is extended for no more than thirty (30) days from the date of this Order. Efforts to serve the Respondent shall continue." The second option was: "The parties have consented to a continuance of the hearing and extension of the ex parte order." The trial court did not check either of those options and instead put a checkmark next to the third option, "By order of the Court."

At the June 16 hearing, the court noted that the hearing had been originally scheduled for May 20. The court added: "On that date Ms. James had not yet been

---

[1] James states in her brief that she did not appear at the May 20 hearing and did not consent to a continuance. Farley has filed no appellate brief. See Court of Appeals Rule 25 (b) ("If an appellee disagrees with the appellant's statement of the case in whole or in part, the appellee must identify any points of disagreements with supporting citations to the record."). In this case, the absence of a transcript of the May 20 hearing does not prevent us from considering whether the trial court lacked jurisdiction to enter the 12-month protective order. See *Peebles v. Claxton*, 326 Ga. App. 53, 55 (1) (755 SE2d 861) (2014) (physical precedent only).

served. Well, no, I take that back. For some reason it does look like she got served. Maybe I had to change something that day. Either way, we rescheduled it for June 16th."[2]

James did not appear at the June 16 hearing. The court heard evidence from Farley and, at the conclusion of the hearing, granted the 12-month protective order. We granted James's application for discretionary appeal, and this appeal followed.

James argues that the trial court was without jurisdiction to issue the 12-month protective order on June 16, 2022, because the petition was dismissed as a matter of law on May 29, 2022. We agree.

Because the issue before us is purely legal, our review is de novo.[3] Under OCGA § 16-5-94 (a), "[a] person who is not a minor who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in [OCGA § 16-5-90]." OCGA § 16-5-94 (e) provides further that OCGA § 19-13-3 (c), (d), and (e) applies to such petitions.

OCGA § 19-13-3 (c) provides:

---

[2] The record reflects that James was served personally on April 30, 2022.

[3] See *Bishop v. Goins*, 305 Ga. 310, 311 (824 SE2d 369) (2019).

3

Within ten days of the filing of the petition under this article or as soon as practical thereafter, but not later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. In the event a hearing cannot be scheduled within the county where the case is pending within the 30 day period the same shall be scheduled and heard within any other county of that circuit. If a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree.

OCGA § 19-13-3 (e) allows the trial court to "delay dismissal of the petition for an additional 30 days" if it finds that a party is avoiding service to delay a hearing.

As noted above, the record indicates that the trial court did not continue the hearing based on a finding that James was avoiding service or based on James's consent.[4] "Simply put, the trial court did not address the merits of [Farley's] petition or require [him] to prove [his] allegations by a preponderance of the evidence within 30 days after the petition was filed, as mandated by the statute."[5] Accordingly, the

---

[4] See OCGA § 19-13-3 (c), (e); see also *Thornton v. Hemphill*, 300 Ga. App. 647, 652 (4) (686 SE2d 263) (2009) ("A party cannot reap the benefit of any error caused or aided by his own trial tactics, procedure or conduct.") (citation and punctuation omitted).

[5] *White v. Gaines*, 331 Ga. App. 853, 856 (771 SE2d 507) (2015) (physical precedent only); see id. at 855-866 ("This 30-day deadline cannot be ignored. In fact, it is so important that if a timely hearing cannot be scheduled in the county where the

4

petition stood dismissed on May 29, 2022, 30 days after the petition was filed,[6] and the trial court lacked authority to issue the 12-month protective order following a hearing held 48 days after the petition was filed.[7]

*Judgment reversed. Barnes, P. J., and Land, J. concur.*

petition was filed, a hearing 'shall be scheduled' in another county within the circuit.") (quoting OCGA § 19-13-3 (c)).

[6] See OCGA §§ 19-13-3 (c); 16-5-94 (e); *Perlman v. Perlman*, 318 Ga. App. 731, 734 (2) (734 SE2d 560) (2012).

[7] See *Herbert v. Jordan*, 348 Ga. App. 538, 539 (1) (823 SE2d 852) (2019).