**THIRD DIVISION**
**MERCIER, C. J.,**
**DOYLE, P. J., and GOBEIL, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 26, 2023**

# In the Court of Appeals of Georgia

A23A1089. JACKSON v. PEART.

DOYLE, Presiding Judge.

Adrian Jackson appeals the trial court's issuance of a 12-month family violence protective order.[1] He asserts that the trial court erred by entering the protective order after the case had been statutorily dismissed as a matter of law. We agree and reverse.

The procedure for obtaining a family violence protective order is set forth in OCGA § 19-13-3. The statute mandates as follows:

> Within ten days of the filing of the petition under this article or as soon as practical thereafter, but not later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence . . . . If a

---

[1] Jackson filed an application for discretionary review in this Court, which we granted. _Jackson v. Peart_, Case No. A23D0158 (Dec. 19, 2022).

hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree.

OCGA § 19-13-3 (c). A trial court's failure to hold a hearing within the 30-day deadline results in the dismissal of the petition as a matter of law and deprives the trial court of authority to issue a protective order. See *Smith v. Smith*, 350 Ga. App. 647, 650-651 (829 SE2d 886) (2019) (substantial compliance with the statute does not satisfy the statutory requisite, given the plainly stated consequence of dismissal). As this Court explained in *White v. Raines*, 331 Ga. App. 853, 855-856 (1) (771 SE2d 507) (2015) (physical precedent only),

> [t]he statutory scheme is clear. A trial court *must* assess the merits of a petitioner's . . . allegations within 30 days after the petition is filed. This 30-day deadline cannot be ignored. In fact, it is so important that if a timely hearing cannot be scheduled in the county where the petition was filed, a hearing "shall be scheduled" in another county within the circuit. Absent a timely hearing, the petition stands dismissed.

(Citations omitted). In fact, "[t]his Court has consistently reversed judgments, as well as vacated ex parte temporary protective orders, where the trial court was required to, but did not, conduct a hearing within the time limitation contemplated by OCGA § 19-13-3 (c)." *Smith*, 350 Ga. App. at 651; see *Herbert v. Jordan*, 348 Ga. App. 538,

2

539 (1) (823 SE2d 852) (2019) (trial court lacked authority to issue a 12-month protective order because the petition had been dismissed as a matter of law based on the court's failure to meet the 30-day hearing requirement); *White*, 331 Ga. App. at 856 (1) (trial court lacked authority to extend an ex parte temporary protective order because it was dismissed as a matter of law when the court failed to meet the 30-day hearing requirement).

1. Jackson asserts that the trial court erred by entering a protective order after the expiration of the 30-day deadline for holding a hearing on the matter. Based on the facts of this case, we agree.

The record shows that on August 10, 2022, Milicent Brown Peart, the grandmother of Jackson's two minor children, filed a petition for a family violence protective order against Jackson, alleging that he had physically assaulted her in front of the children. On August 17, the trial court entered an ex parte protective order and set the matter for a hearing on September 8, 2022. Both parties subsequently consented to reschedule the hearing to September 21, 2022. However, on September 20, 2022, Peart's counsel filed a conflict letter with the court, and the trial court unilaterally rescheduled the hearing for October 5, 2022. Jackson's counsel averred that this continuance was entered "over the objection of [Jackson]." In addition, while

3

the trial court's order indicates that the continuance was "beyond 30 days of the filing date as permitted by O.C.G.A. § 19-13-3," the box indicating that both parties consented to the continuance was left unchecked.

On October 5, 2022, Peart's counsel requested another continuance, Jackson objected, and the court overruled the objection. According to Jackson's counsel, the parties thereafter agreed, after a discussion in open court regarding availability for the next hearing date, to continue the hearing until October 26, 2022. The trial court's order rescheduling the hearing for that date includes a checked box indicating that both parties consented to the continuance. A hearing was held on October 26, 2022, and the trial court issued a 12-month family violence protective order. Jackson appeals from this order.

Based on the record before us, it is clear that although the parties agreed to reschedule the hearing from September 8 to September 21, 2022, Jackson did not agree to the court's postponement of the hearing from September 21 to October 5, 2022. Accordingly, regardless of any subsequent agreements, the petition was statutorily dismissed as a matter of law on September 22, 2022, because a hearing was not held within 30 days of the filing of the petition or within the agreed upon continuance, and Jackson did not agree to a continuance of the September 21, 2022

hearing. See OCGA § 19-13-3 (c); see also *Smith*, 350 Ga. App. at 650-651; *White*, 331 Ga. App. at 855-856 (1). The trial court therefore lacked authority to issue a protective order on October 26, 2022. See *Herbert*, 348 Ga. App. at 539 (1) ("[T]he trial court's failure to meet the 30-day hearing requirement resulted in a dismissal of the petitions as a matter of law. Accordingly, it lacked authority to issue the 12-month protective orders following a hearing held 35 days after the petitions were filed.") (citation omitted); *Peebles v. Claxton*, 326 Ga. App. 53, 55 (1) (755 SE2d 861) (2014) (physical precedent only) (trial court lacked authority to issue an order in the case because the temporary protective order stood dismissed as a matter of law when the court failed to hold the statutorily required hearing within 30 days absent both parties' consent).

Peart argues that the trial court's continuance of the hearing from September 21 to October 5, 2022, because of her attorney's conflict "is permissible when there is no evidence that the opposing party would have been prejudiced by the brief delay." Peart's reliance on *Foster v. Gidewon*, 280 Ga. 21 (622 SE2d 357) (2005), is misplaced under the circumstances presented here. In *Foster*, the respondent's attorney filed a conflict letter immediately after being retained, the conflict letter was for a hearing scheduled well within the 30-day time period, and the Supreme Court

5

found no evidence that the petitioner's rights would have been prejudiced or that he would have been placed in danger because of the delay. Id. at 21-22, 22-23 (1). In this case, it was the petitioner's attorney who requested more than one continuance, the second request was outside the 30-day time period, and the respondent's rights were prejudiced because he remained subject to the temporary protective order.

Peart also argues that the trial court did not err in issuing the 12-month protective order because "the first continuance order was issued by *consent* of the parties." While OCGA § 19-13-3 (c) clearly contemplates that the parties may waive the 30-day hearing requirement, a singular waiver to a pre-determined date does not constitute a waiver of the deadline for all time. The statute specifically notes that "the petition shall stand dismissed unless the parties otherwise agree," OCGA § 19-13-3 (c), and it is undisputed that Jackson did not agree to an extension of the September 21 hearing date. Peart's argument ignores the statutory language and well settled law, and this is not a case where an emergency prevented the trial court from otherwise scheduling the hearing within either the 30-day mandatory time period or within another date agreed to by the parties. Cf. *Copeland v. Copeland*, 361 Ga. App. 125, 129-130 (2) (863 SE2d 509) (2021) (judicial emergency order during COVID-19 pandemic tolled deadlines imposed on courts under OCGA § 19-13-3 (c)).

6

Because the trial court failed to meet both the 30-day hearing requirement mandated in OCGA § 19-13-3 (c) and the agreed upon extended hearing date of September 21, 2022, Peart's August 10, 2022, petition was dismissed by operation of law on September 22, 2022, and the trial court had no authority to issue its October 26, 2022, 12-month family violence protective order.

2. In light of our holding in Division 1, we need not address Jackson's remaining enumerations of error.

*Judgment reversed. Mercier, C. J., and Gobeil, J., concur.*