**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2024**

# In the Court of Appeals of Georgia

A24A0542. AZIZAN v. HAJIANBARZI.

HODGES, Judge.

Fazail Azizan appeals an order of the Superior Court of Fulton County awarding attorney fees to Abbas Hajianbarzi following the dismissal of Azizan's petition for a temporary protective order. Because the trial court failed to specify the statute under which it awarded attorney fees, we vacate the trial court's order and remand this case for further proceedings consistent with this opinion.

"This Court generally applies an abuse-of-discretion standard in cases involving a claim of error in the decision to award or deny attorney fees." (Citation and punctuation omitted.) *Brooks v. Hayden*, 355 Ga. App. 171, 171-172 (843 SE2d 594) (2020). The record demonstrates that Azizan filed a petition for a temporary

protective order under the Family Violence Act, alleging that he and Hajianbarzi had previously lived in the same household and that Hajianbarzi had threatened Azizan with physical harm in several telephone calls. The trial court ultimately determined that Azizan failed to prove any facts set out in the petition by a preponderance of the evidence and dismissed the petition. The same day, in a separate order, the trial court awarded Hajianbarzi $3,000 in attorney fees. We granted Azizan's application for discretionary appeal, and this appeal follows.[1]

1. In his first enumeration of error, Azizan claims the trial court erred in dismissing his petition with prejudice more than 30 days after he filed the petition. See OCGA § 19-13-3 (c). We agree.

OCGA § 19-13-3 (c) provides that

[w]ithin ten days of the filing of the petition under this article or as soon as practical thereafter, but not later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. . . . *If a hearing is not held within 30 days of the filing of the*

---

[1] Although not required by our rules, Hajianbarzi did not file an appellee's brief in this case. See Court of Appeals Rule 23 (b) ("Appellees are encouraged but, other than the State in a criminal case, are not required to file a brief.").

*petition, the petition shall stand dismissed* unless the parties otherwise agree.

(Emphasis supplied.) The 30-day period is absolute and "cannot be ignored" absent an agreement by the parties to extend the time period. *White v. Raines*, 331 Ga. App. 853, 855 (1) (771 SE2d 507) (2015) (physical precedent only) (reversing judgment where "the trial court failed to meet the 30-day hearing requirement in OCGA § 19-13-3 (c)" because "[t]he petition . . . [was] dismissed by operation of law"); see also *Smith v. Smith*, 350 Ga. App. 647, 650-651 (829 SE2d 886) (2019).

Here, Azizan filed his petition for a temporary protective order on July 13, 2023. The trial court initially scheduled a hearing for July 31, but rescheduled the hearing for August 10, 2023.[2] After Azizan filed an amended petition for a stalking protective order on August 9,[3] the trial court again rescheduled the hearing for August 24, 2023.[4]

---

[2] Although the trial court's order is entitled "Order of Continuance for Service of Process," there is no finding, or even an inference, that "a party [was] avoiding service to delay a hearing," which would have allowed the court to "delay dismissal of the petition for an additional 30 days." OCGA § 19-13-3 (e).

[3] Neither party argues that the entry of an amended petition somehow extends the 30-day window during which the petitioner's claim must be heard. Nevertheless, we question whether the filing of such an amendment would extend the 30-day window in view of the plain language of the statute. See OCGA § 19-13-3 (c) ("not later than 30 days after the filing of the petition, a hearing shall be held at which the

The trial court dismissed Azizan's petition on August 25, finding that Azizan "fail[ed] to prove the occurrence of stalking or domestic violence as set out in the Petition . . . by a preponderance of the evidence."

We have noted that "the statutory scheme is clear[:] [a] trial court *must* assess the merits of a petitioner's allegations within 30 days after the petition is filed." (Citation and punctuation omitted; emphasis in original). *Jackson v. Peart*, 368 Ga. App. 835, 836 (891 SE2d 43) (2023). "Simply put, the trial court [in this case] did not address the merits of [Azizan's] petition or require him to prove his allegations by a preponderance of the evidence within 30 days after the petition was filed, as mandated by the statute." (Citation and punctuation omitted.) *James v. Farley*, 367 Ga. App. 636, 638 (887 SE2d 692) (2023). The trial court's failure to meet the 30-day hearing requirement resulted in a dismissal of the petition[] as a matter of law." *Herbert v.*

---

petitioner must prove the allegations of the petition by a preponderance of the evidence[,]" and "[i]f a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree"); see also *Jackson v. Peart*, 368 Ga. App. 835, 836 (891 SE2d 43) (2023) (noting that "[a] trial court *must* assess the merits of a petitioner's allegations within 30 days after the petition is filed") (citation and punctuation omitted; emphasis in original).

[4] The trial court gave no reason for its order, stating only that it constituted an "[o]rder of [c]ontinuance [b]y [c]ourt [o]rder."

*Jordan*, 348 Ga. App. 538, 539 (823 SE2d 852) (2019) (noting that "[t]he record contain[ed] no evidence that the parties agreed to [a] continuance"). Therefore, the trial court was without authority to issue its August 25, 2023 order on the merits of Azizan's petition, entered 41 days after Azizan filed his original petition. See *Herbert*, 348 Ga. App. at 539 (1); *White*, 331 Ga. App. at 856 (1); *Phillips v. McCroskey*, 234 Ga. App. 87, 87-88 (1) (506 SE2d 388) (1998) (holding that, where case was dismissed by operation of law, "any further action in the case other than dismissal is a mere nullity"). It follows that we must vacate the trial court's August 25, 2023 order and

remand this case to the trial court for entry of an order of dismissal without prejudice[5] pursuant to OCGA § 19-13-3 (c).

Having determined that Azizan's petition stood dismissed by operation of law before the trial court entered its order on the merits of the petition, we next turn to Azizan's claims related to the trial court's award of attorney fees.

2. Of Azizan's remaining enumerations of error, only one is relevant and dispositive of this appeal. Azizan contends that the trial court erred by failing to provide a statutory basis for its award of attorney fees. We agree.

---

[5] Under Georgia law, dismissals on the merits, including dismissals for failure to state a claim, are typically with prejudice. See generally *Pinnacle Benning v. Clark Realty Capital*, 314 Ga. App. 609, 614 (1) (724 SE2d 894) (2012) ("[W]e presume that actions have been dismissed *with* prejudice when a motion is granted under OCGA § 9-11-12 (b) (6).") (emphasis in original), disapproved in part on other grounds, *Song v. eGPS Solutions I, Inc.*, No. A23A1458, 2024 Ga. App. LEXIS 105, * 11 (1), n. 7 (Ga. App. 2024). In contrast, dismissals for other reasons, including jurisdictional infirmities, are without prejudice. See, e.g., OCGA § 9-11-41 (a) (3) (providing that voluntary dismissal is "without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits"); *Crittenden v. Crittenden*, 354 Ga. App. 672 (2), n. 2 (840 SE2d 496) (2020) ("[A] dismissal for lack of subject matter jurisdiction is not a ruling on the merits and such dismissal is without prejudice."); *Hammonds v. Sherman*, 277 Ga. App. 498 (627 SE2d 110) (2006) (holding that dismissal for failure to appear at calendar call was without prejudice). Because a petition for a temporary protective order that is not heard within 30 days of its filing stands dismissed by operation of law, it was never considered on the merits, and we conclude that such dismissal is without prejudice.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided." *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000); see also *Elsayed v. Bakayoko*, 359 Ga. App. 282, 288 (5) (857 SE2d 270) (2021). In this case, Hajianbarzi's answer requested "reasonable and customary attorney's fees for being forced to defend this action[,]" but it did not identify any statutory basis for such an award. Moreover, the record does not contain a written motion for attorney fees or a transcript of a hearing during which fees were discussed which may have shed light on the statute supporting the award.[6] Finally, the trial court's fee award — prepared by Hajianbarzi's counsel — does not contain any statutory support for the award. Thus, we are left with what appears to be a summary, sua sponte "lump sum" award of attorney fees to Hajianbarzi without any statutory basis for the award. See *Brooks*, 355 Ga. App. at 172.

---

[6] A rule nisi suggests that a hearing on Azizan's petition occurred in August 2023. However, there is no transcript of the hearing, and Azizan affirmatively stated in the notice of appeal, "[n]o [t]ranscript to be included."

Inasmuch as the trial court's order "set forth neither the statutory basis for the attorney fees award nor any findings necessary to support it[,]" we vacate the attorney fees award "and remand for an explanation of the statutory ground for the award and any findings necessary to support such an award." (Citation and punctuation omitted.) *Elsayed*, 359 Ga. App. at 288 (5); see also *Brooks*, 355 Ga. App. at 175 ("[I]n addition to requiring a statutory basis for an award of attorney fees, we have repeatedly informed trial courts that they must set forth factual support for such an award.") (citation and punctuation omitted); see generally *Xie Law Offices v. Luo*, 369 Ga. App. 509, 517 (3) (894 SE2d 51) (2023) (noting remand is allowed "where the trial court's order lacks sufficient detail to enable meaningful appellate review") (citation and punctuation omitted).[7]

3. In view of our decision in Divisions 1 and 2 vacating the trial court's order, we need not consider Azizan's remaining enumerations of error at this time.

*Judgment vacated and case remanded. Doyle, P. J., and Watkins, J., concur.*

---

[7] We do not speculate as to whether the trial court's award was based upon OCGA § 19-13-4 (a) (10), OCGA § 9-15-14, or some other statutory provision. That issue, as well as any related issues such as whether the trial court gave Azizan whatever notice he was due and whether the trial court had the authority to enter an award at all, will need to be addressed on remand.